## W. B. HANCE v. J. G. BURKE.

### No. 2683.

1. **Pleading—Forms of Action.**—A petition alleging the forcible taking of personal property, giving items and value of each, and that the same was retained after demand, shows a cause of action. A charge submitting the legality of the taking and giving the measure of damage was proper.

2. **Petition—Names of Parties—Amendment.**—An amended petition should contain the names of all the parties to the suit. The names being given in the caption appears to be a substantial compliance with the statutory rule. At least in absence of special exception below, the irregularity is not a ground of reversal.

APPEAL from Galveston. Tried below before Hon. W. H. Stewart.

This is appeal from a judgment recovered by Burke against W. B. Hance for $686. The trial was upon an amended original petition. The caption and the material parts are given:

"*James G. Burke v. W. B. and Emma Hance.*—13,030.—In the District Court, Galveston County, Texas. February Term, 1888. Now comes the plaintiff by leave of the court and files this his amended original petition in lieu of his original petition filed in this cause on the 31st day of May, 1886, and alleges:

"That on the 14th day of February, A. D. 1886, plaintiff was residing at and in peaceable possession of what is known as 'Lake View Farm,' a place on Galveston Island, a few miles west of Galveston.

"That plaintiff was living upon said place with his wife and children, with all the appliances of a farmer for farming, and had thereon his household and kitchen furniture, the wearing apparel of himself and family, his family portraits and pictures, his private papers, and divers other articles, a detailed statement of all which is hereto annexed and made part hereof, * * * of the full value of $6211.75.

"That on the day and date above written, while plaintiff was temporarily absent from home on business, his wife and children being on and in possession of said place and personal property for him and representing him, defendants, acting together, and aided, assisted, and joined by their employes, who acted under their instructions and advice, by threats, violence, and intimidation drove plaintiff's wife and children from said premises and took forcible possession of the said personal property, and still hold possession of the same, to plaintiff's actual damage in the sum of $6211.75.

"Plaintiff further charges that defendants and each of them, acting separately and together, willfully, wrongfully, and maliciously took forcible possession of said property, and by intimidation and threats of personal violence drove the wife, children, and employes of plaintiff therefrom, and still hold said property, to his further great damage, to-wit, in the sum of $1000."

. Plaintiff alleges demand for the restitution, failure save as to a small part restored in a damaged and worthless condition. Prayer for actual and exemplary damages.

The defendants pleaded a general denial; (2) that the plaintiff had been notified by them to remove said property from the said "Lake View Farm," owned by defendants; (3) that October 26, 1887, defendants had delivered same to plaintiff; (4) reconvening in $3755, aggregate value of certain specified articles of property owned by them and kept by the plaintiff.

The defendant Emma Hance pleaded coverture, etc.

The scope and tendency of the testimony and the charge to the jury are shown in the opinion.

The verdict was "We the jury find for the plaintiff Burke in the sum of $604.16, with 8 per centum interest per annum from date of suit, as actual damages."

Judgment was rendered for plaintiff against W. B. Hance upon the verdict, and in favor of Mrs. Emma Hance. W. B. Hance appealed.

*Wharton Branch,* for appellant. — 1. The failure to embody in the petition the name of the defendant against whom judgment is to be rendered is more serious than the failure to name the plaintiff in whose favor judgment is recovered, and is a fundamental and fatal error, because the judgment does not follow the petition. Rev. Stats., art. 1195; Bell v. Vanzandt, 54 Texas, 150; Weems v. Sheriff Brazoria Co., 48 Texas, 482; Dunlap v. Southerlin, 63 Texas, 42; Clary v. Haney, 62 Texas, 511; Shaw v. Adams, W. & W. Ct. App. C. C., sec. 178.

2. The court erred in the charge in treating the case in the nature of trover and conversion, because under the allegations and facts the case is in the nature of detinue. Although we do not acknowledge the common law forms of action, yet when property is sued for, the principles of law defining and governing that action must be resorted to, we having adopted the common law without its forms.

3. We claim that the charge is upon an issue not made by the plaintiff's pleadings. That the petition does not set up a case for damages for destruction on conversion but sues for specific property alleged to be detained, and that the charge directs the jury to find value of goods as if converted, which was not an issue. The charge complained of is: "In case your verdict be against Hance for the value of any article belonging to Burke which Hance now retains, then you will in your verdict specify such articles and their value at the time Hance took possession of them also. If your verdict be in favor of Burke for damages done to the goods, then the verdict should specify such damages; and if in addition to such damages your verdict should be for the value of any undelivered goods, then you will specify each such article and its value, with 8 per cent interest on same from time of seizure." Porter v. Miller, 7

Texas, 473–480; O'Shea v. Twohig, 9 Texas, 342; 1 Starkie on Ev., pp. *843, 844; 2 Greenl. on Ev., secs. 642, 644, 645.

4.   The court erred in the charge in treating the case as one in the nature of *trespass quare clausum fregit,* because the case is solely in the nature of detinue.   Plaintiff's failure to allege his ownership of the Lake View Farm, and defendants' allegation of ownership in them, together with the proof of title in Hance, stripped the case of any question in the nature of trespass for the jury.   Kolb v. Bankhead, 18 Texas, 232; Cook v. de la Garza, 9 Texas, 362; Carter and Hunt v. Wallace, 2 Texas, 208–212; Smith v. Sherwood, 2 Texas, 463–4; 2 Starkie on Ev., secs. 618, 619, 623, 625.

5.   There is nothing in law to require the landlord to carry away the personal effects of the outgoing tenant to some other place to which the outgoing tenant removes, and a mandatary is not liable for nonfeasance. Edw. on Bailments, 55, 56, 98, 99, 100; Story on Bailments, secs. 86, 87.

6.   There being no misfeasance alleged or proven against Hance in reference to Burke's personal effects left on the farm, Hance is not liable for any nonfeasance, such as failure to sun and air the things to prevent mold, moths, and decay by time, and a bailee without hire is only liable for gross neglect.   Edw. on Bailments, 34, 100, 108, 114; 11 Wend., 25, Beardsley v. Richardson; Pait v. McCutchen, 43 Texas, 312, 313; Blankenship v. Berry, 28 Texas, 450, 451; Neill v. Newton, 24 Texas, 202, 204; Townsend v. Hill, 18 Texas, 425–6; 1 Starkie on Ev., pp. *839, 840, 842.

7.   The verdict is contrary to law in not finding the value separately of the articles alleged, if any, found to be withheld.   The verdict should find for plaintiff each article to be recovered by plaintiff, and find the separate value of each article recovered, so as to give defendant the privilege to return the thing detained, if any.   Hoeser v. Kraeka, 29 Texas, 455; Blakely v. Duncan, 4 Texas, 185; Rowlett v. Fulton, 5 Texas, 460.

*W. B. Denson,* for appellee. — 1. Objection to the form of a petition must be made in the answer and comes too late in an assignment of error.   The original petition gave the names of the plaintiff and defendants, and the parties were in court, having answered before the time of the filing of appellee's amended petition.   Shelby v. Burtis, 18 Texas, 648; 27 Texas, 688; 21 Texas, 488.

2.   Under an assignment of error which simply raises the question of an omission by plaintiff to give the names and residences of plaintiff and defendants, a party can not in a proposition and statement thereunder, as in this case, raise distinct and additional questions as to whether the judgment followed the petition, whether the verdict was responsive.

to the charge of the court and warranted by the pleading, or whether the judgment followed the verdict.     Bullock v. Hayter, 24 Texas, 9.

3.   No forms, as under the old common law, govern actions in our courts.  If a good cause of action is stated, though imperfectly, and relief prayed for and no general or special exceptions are taken to the petition in the answer, it is too late to avail of objections thereto in assignments of error.     Carter v. Wallace, 2 Texas, 206; Porter v. Miller, 7 Texas, 467; H. E. & W. T. Ry. Co. v. Mary Hardy, 61 Texas, 230.

4.   The charge made appellant liable for damages sustained by the property while forcibly detained by the appellant, which was the true measure if he had taken possession by intimidation or breach of the peace; but if he had not so taken possession and had properly stored the goods in an outhouse, and the goods became damaged before delivered, appellant was not liable.

HENRY, ASSOCIATE JUSTICE.—Appellee, who was plaintiff in the District Court, charged that W. B. Hance and Emma Hance took unlawful, forcible, and malicious possession of certain wearing apparel and household effects belonging to him, for which he claimed damages, actual and exemplary.

The defendants answered that Emma Hance was the wife of her codefendant, and denying the allegations of plaintiff's petition.

There was a verdict for plaintiff for a sum of money as actual damages, on which judgment was rendered in his favor against W. B. Hance and against him in favor of Emma Hance.   The defendant W. B. Hance prosecutes this appeal.

The evidence conduces to show that plaintiff was in possession of a farm belonging to Hance, and that Hance, in February, 1886, in the absence of plaintiff, took forcible and unlawful possession of the farm and house in which plaintiff was then living with his family, and in which the effects sued for were situated.   Shortly afterwards Burke instituted against Hance an action of forcible entry and detainer for the possession of the place.   This suit was tried in the County Court in the fall of 1886, and final judgment was rendered in favor of Hance.

In 1887 a judgment was rendered in the District Court in favor of Hance and against Burke, establishing Hance's title to the property.

The evidence conflicts on the question as to whether Burke applied for the possession of his goods and whether the delivery of them was refused, as to their value, the extent of their damage, and what care was taken of them by Hance while in his possession.   There is evidence showing that plaintiff sent an order for his property and that Hance then refused to let him have it because he doubted the authenticity of the order, but shortly afterwards on learning that the order was authentic offered to deliver the property, and (Burke then declining to go or send for it

again) sent it to him, and that the property was damaged for the want of diligent care while it was in the possession of Hance.

The court charged the jury in substance: That Hance being the owner of the farm and entitled to its possession had the right to take possession if he could do so without committing a breach of the peace.

That if Hance got possession of the house by intimidation it was his duty to send Burke's goods to him, but if he got such possession peaceably and without intimidation it was Burke's duty to go for his goods.

That if Hance took possession of the house by intimidation and detained any of Burke's goods, and they were damaged by such detention, he would be liable for such damage; but if he took possession of the house without intimidation and properly stored the goods, and they by time became damaged before he delivered them to Burke, then he would not be liable for such damage as they sustained by reason of the lapse of time.

That if Hance did not return all of Burke's goods he was liable for the value of such as he did not return.

The errors assigned relate principally to charges of the court, and complain in effect that the cause of action was treated as a trespass when in fact it was in the nature of detinue. We do not find this objection sustained by the record, but find the charge correct, tested both by the pleadings and the evidence.

It is also objected that plaintiff's amended petition fails to set forth the names of the parties and their residences. The names of both parties are given in full in the caption of the amended original petition and do not otherwise appear. In the body of the petition the parties are referred to as plaintiff and defendants. As the amended petition takes the place of the original, correct pleading requires that it state the names of the parties and their residences.

An exception to the pleading because of the omission would no doubt have been sustained. The objection not having been made in the court below can not be regarded here.

The fourth and fifth errors assigned read as follows: "The court erred in the charge as to whether it was Burke's duty to come for his goods and get them or Hance's duty to carry the same to Burke;" and "the court erred in the charge as to liability of W. B. Hance for damages the goods may have sustained."

We do not think these objections are well taken. The charges in effect state that if Hance took wrongful possession of plaintiff's goods it was his duty to restore them to him, but if he obtained possession of them rightfully he would not be liable for holding them until their owner applied for them; and that if the goods sustained damage while being wrongfully held he would be liable for such damage.

The verdict we think was responsive to the charge, sufficiently supported by the evidence, in proper form, and warranted the judgment rendered on it.    The judgment is affirmed.

*Affirmed.*

. Delivered February 15, 1889.