## PARLIN & ORENDORFF CO. ET AL. V. CARLTON HANSON.

### Decided May 13, 1899.

**1. Pleading—Omission in Petition Cured by Allegations in Answer.**

Where, in an action for the conversion of goods seized under a writ, the petition fails to allege that the writ was not against the plaintiff, and the defendant's answer sets out the particulars of the writ, the defect is thereby cured.

**2. Same—Allegata and Probata.**

In an action for the conversion of goods an allegation that plaintiff was the lawful owner and holder thereof is sufficient to admit proof that, as trustee in a chattel mortgage thereof executed for the benefit of creditors, he was in actual possession of the goods at the time of their taking, especially where defendant's answer had set forth the mortgage, alleging that it was only by virtue thereof that plaintiff had any claim or right to the possession of the goods.

**3. Assignment for Creditors—Instrument Sustained.**

A chattel mortgage executed for the benefit of certain creditors is not rendered void by a clause providing that the mortgagor may, by paying off the debts, resume possession of the goods; nor does a clause, added on to the part conferring power of sale at retail or in bulk upon the trustee, and which provides that the trust "shall not extend longer than sixty days from this date, and if said debts are not then fully paid, the remaining stock shall then be sold in bulk," deprive the trustee of the power to so sell after the sixty days.

**4. Evidence—Cost Price of Goods.**

As showing the cost price of goods, it is permissible for the sheriff who levied on them to testify that he valued them in his return of the levy at figures furnished him as their cost price by the bookkeeper of the owner, where the bookkeeper also testifies that he then knew and so gave the cost prices, but has since forgotten them.

**5. Assignment for Creditors—Pleading and Proof.**

Where, in an action for the conversion of goods, defendant's answer alleged that plaintiff's only claim thereto was by virtue of a chattel mortgage for the benefit of creditors, setting it out, and from which it appeared that four creditors had accepted, an objection by defendant to plaintiff proving an acceptance, on the ground that he had not alleged such acceptance, was properly overruled.

**6. Same—Supplemental Assignment.**

An instrument executed and filed on the same day as a chattel mortgage for the benefit of creditors, which refers to the mortgage and adds the name of another creditor to those given therein, is to be taken as a part of the mortgage, as against objection thereto by an unsecured creditor proceeding by attachment.

APPEAL from Henderson. Tried below before Hon. W. H. GILL.

*Eustace, Bishop & McDonald, McCormick & Spence,* and *Paul Jones,* for appellants.

*Watkins & Miller,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—The suit was instituted by appellee against appellant, K. Richardson, sheriff of Henderson County, E. M. Browder, and Parlin & Orendorff Company, appellants, and against some of the other appellants herein as sureties on the official bond of Richardson, sheriff, for a conversion of personal property alleged to have been seized by said Richardson, sheriff, under a writ of attachment. Appellant Richardson brought in the appellants not above referred to as

sureties on an indemnity bond, given before the levy of attachment. Judgment was rendered on September 21, 1898, in favor of the appellee for $837.90, with interest at 6 per cent per annum and costs, and judgment over in favor of appellant Richardson against his indemnitors in the same amount. The case was tried before the court without a jury. From this judgment an appeal has been duly prosecuted to this court.

The appellants' first and second assignments of error complain of the action of the court in overruling defendants' general and special demurrers to the petition. The petition charged that the goods and merchandise alleged to have been converted and for which he seeks to recover damages, were seized by the defendant K. Richardson while acting in the capacity of sheriff of Henderson County, and by virtue of a certain writ of attachment then in his hands. It was charged that such seizure was unlawful. It further charges that plaintiff was the lawful owner and holder of the goods and in lawful possession thereof at the time of the levy. The objection was made that the petition did not show who was the defendant in said writ of attachment or allege that it was not against the plaintiff, or show that the writ was void or oppressively levied. We are not prepared to say that the petition was sufficient when tested by a general demurrer. It was subject to a special exception, and the special exception of defendants should have been sustained.

In view of the allegations contained in defendant's answer the ruling of the court upon these exceptions becomes unimportant. The answer specially alleged the indebtedness of one J. T. Collins to the defendant Parlin & Orendorff Company, and the institution of suit by said company against said Collins and the suing out of a writ of attachment in said cause against J. T. Collins, and the seizure by the sheriff of the goods set out in the petition by virtue of said writ. The answer further set up the chattel mortgage executed by Collins to plaintiff Hanson, as trustee, and that plaintiff has no claim to said goods, except by virtue of said chattel mortgage, and that said mortgage was made to hinder, delay, and defraud the creditors of said Collins and was void, and that the property levied upon was subject to Collins' debts. If one party expressly aver a material fact, admitted on the other side, the omission is cured. Boettler v. Tendick, 73 Texas, 488; Grimes v. Hagood, 19 Texas, 246; Hill v. George, 5 Texas, 87.

The allegations in the answer cured the omission in the petition, and the failure of the court to sustain the exceptions of defendants presents no sufficient ground for reversing the judgment.

Appellants' third assignment of error complains of the action of the court in admitting in evidence the chattel mortgage executed by J. T. Collins to plaintiff Carlton Hanson, because there was a variance between the allegations of plaintiffs' petition and the proof offered. The allegations of the petition were that plaintiff was the lawful owner and holder of the goods and in lawful possession of the same. The instrument offered was a chattel mortgage conveying to plaintiff the goods in trust to be by him sold, and the proceeds by him paid to the creditors

therein named.   By virtue of this instrument the plaintiff took possesion and was in possession when the writ was levied.   We think the proof was admissible under these allegations.   Schneider-Davis Co. v. Brown, 46 S. W. Rep., 108; Schmick v. Bateman, 77 Texas, 326; Rains v. Herring, 68 Texas, 468.   But if we are mistaken in this, then the defendants having set up the chattel mortgage and made a copy of the same a part of their answer, and alleged that it was only by virtue of said instrument that plaintiff had any claim or right to the possession of said goods, these allegations taken in connection with those contained in plaintiffs' petition authorized the admission of the evidence complained of.   Hill v. George, supra.

Appellants' fourth assignment of error complains of the action of the court in admitting in evidence the chattel mortgage from J. T. Collins to plaintiff Carlton Hanson, over defendants' objection that said instrument on its face showed that it was void and fraudulent in law as to the defendants, in that the effect thereof was to hinder, delay, and defraud the creditors of said Collins and especially the defendant Parlin & Orendorff Company, plaintiffs in the writ of attachment under which the goods were seized.

The chattel mortgage authorized the trustee Hanson to take possession of the goods "and to sell the same as speedily as he can at reasonable prices, not less than cost, at private sale, at retail or in bulk for cash, and apply the proceeds," etc.

The fourth clause provided that the title of the goods should remain in Collins, and that he could pay off the debts secured and expenses at any time, and resume possession of the goods unsold.

The fifth clause provided that the trust should not extend longer than sixty days from this date, and if said debts are not then fully paid, the remaining stock shall then be sold in bulk for the best cash price that can be obtained.

Appellants contend that this instrument is void for the reasons above stated, and further that by the terms of the instrument the goods at the end of sixty days went to Collins, and if any sale of them was made in bulk at less than cost it would have to be done by Collins, because the trustee's power would have expired simultaneously with the happening of the event that authorized a sale at less than cost.   The instrument created a lien upon the goods therein conveyed to secure the creditors therein named.   The power conferred upon the trustee, as we construe it, authorized the sale of the goods at reasonable prices, not less than cost, at private sale, at retail or in bulk, for cash for sixty days, and if the debts were then not paid he should sell the remaining goods in bulk for the best cash price he could obtain.   This clause of the instrument seems to have been inserted for the purpose of requiring a speedy execution of the trust and payment of the secured debts.   By it the trustee was authorized and required, if the debts were not paid in sixty days, to sell the stock remaining on hand in bulk for the best cash price obtainable. This clause is not subject to the forced construction placed upon it by appellants.

There is nothing in the fourth clause affecting the validity of the instrument. All the rights reserved therein by Collins were only such as the law gave him in the absence of such a clause. The instrument when construed as a whole does not show that it was made to hinder, delay, and defraud the creditors of Collins, and there was no error in overruling the exceptions.

Appellants' fifth assignment of error complains of the action of the court in admitting in evidence the testimony of K. Richardson, the sheriff who made the levy, that in making his return upon the writ of attachment he valued the goods levied upon at what Carlton Hanson told him was the cost mark. That he, the witness, did not know what the goods cost and was not acquainted with the cost mark, but he put the values as given him by Carlton Hanson, trustee, who had been bookkeeper for Collins, defendant, before the attachment. The trial judge allowed the bill of exception with this explanation: "This evidence was not admitted on the question of value, but as tending to show the cost price of the articles, Hanson testifying that while he did not remember the cost price he gave it to Richardson, and he testifying that he placed such cost price as the value in his return."

There was evidence that the goods levied upon were at the time of the levy worth in Athens the cost and freight. Hanson testified he gave the cost price to Richardson when he made the levy. Richardson's testimony shows he indorsed the cost price as given him by Hanson in his return on the writ of attachment. The evidence was admissible.

Appellants' sixth assignment of error complains of the action of the court in admitting over the objections of defendant proof of the acceptance of the provisions of the chattel mortgage by the creditors named therein. The objection made to this evidence was that there was no pleading authorizing the introduction of this evidence. The petition alleged that plaintiff was at the time of the levy of the attachment the lawful owner and holder of the goods, and in the lawful possession and control of the same. The defendants set up the chattel mortgage and alleged that plaintiff claimed the property by virtue thereof. They made a copy of the chattel mortgage, on which was shown the acceptances of four of the secured creditors as exhibit to their answer. They attacked the validity of said mortgage, because on its face it showed it was void and fraudulent as to defendants Parlin & Orendorff Company, plaintiff in the attachment proceedings, and that its effect was to hinder, delay, and defraud the creditors of the maker J. T. Collins.

There was no pleading by defendants alleging the invalidity of the instrument by reason of the nonacceptance of the secured creditors. The first time this question was raised was upon the offering of the evidence complained of. The allegations in the petition, when taken in connection with those embraced in the answer, were sufficient to authorize the introduction of the testimony. Schmick v. Bateman, supra; Rains v. Herring, supra.

Appellants' seventh assignment of error complains of the action of the court in admitting in evidence over defendants' objections the following instrument:

"I hereby add to the deed of trust this day made and filed by me with Carlton Hanson as trustee, the name of Geo. M. Wofford, to the list of creditors therein named, and secure him by said deed of trust, and this and the property thereby conveyed, in the sum of about $110, due said Wofford on account; the same to follow the debts already secured and to be governed and controlled by said deed of trust and its provisions, the same as if said debt had been therein named and secured.

"Witness my hand, this October, 4, 1897.

"J. T. COLLINS.

"I accept the above and agree to its terms and provisions, October 4, 1897.

"GEO. M. WOFFORD."

The objection made to this instrument was that it was irrelevant and immaterial, and that it was void on its face on account of being incomplete and not such an instrument as is authorized by law to be registered as a chattel mortgage.

The trial court did not err in overruling these objections to the instrument. It was offered as a supplement to the chattel mortgage executed and recorded that day, describing it and adding the name of the additional creditor thereto which the maker desired secured. Such creditor accepted the instrument. None of the other beneficiaries are objecting. The instrument was executed and recorded previous to the suing out of the attachment by Parlin & Orendorff Company.

We find no reversible error in the record, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.