JOSEPH STRNAD v. JOHN H. STRNAD ET AL.

Decided April 2, 1902.

Wife's Separate Property—Community—Mortgage—Resulting Trust—Subrogation.

A husband purchased land, taking deed to himself but paying part of the price with his wife's separate means and giving, for the balance, his own note which he afterwards paid with his wife's money. Held:

(1)   The land so bought became, under the doctrine of resulting trust, the wife's separate property to the extent of the cash payment, but was community to the extent of the deferred payment for which the husband gave his own note, in the absence of any other circumstances evidencing an intent to make it all the wife's separate property.

(2)   A resulting trust can arise only from a payment made at the time of the purchase, and to the extent that the property so purchased by the husband became community estate it was subject to a deed of trust given by him before such purchase, the holder of which was entitled to foreclosure as to such community interest.

(3)   The wife was not entitled to be subrogated to the rights of the lienholder to the extent that her means were applied to discharge the note given for the deferred payment, in the absence of appropriate pleadings seeking such relief.

Appeal from Williamson.   Tried below before Hon. R. L. Penn.

*John W. Parker,* for appellant.

*W. W. Nelms* and *W. H. Nunn,* for appelees.

COLLARD, ASSOCIATE JUSTICE.—Joseph Strnad, appellant, sued John H. Strnad and Anton G. Strnad in District Court, on promissory note, and for foreclosure of deed of trust executed by them on the south half of lot 4 in block 9, in Dickson's first addition, in town of Taylor, Texas, the note dated September 15, 1894, due October 1, 1895, bearing 10 per cent interest per annum from date, providing for payment of 10 per cent attorneys fees, if placed in the hands of an attorney for collection.

Mary Strnad (joined by her husband John H. Strnad) intervened, and set up that subsequent to the date of her marriage, and prior to the 2d day of January, 1896, this intervener delivered to her said husband John H. Strnad the sum of $150, the separate property of this intervener, and requested, directed, and instructed her said husband to take said sum and use same in the purchase of a homestead for herself and her said husband; and that her said husband John H. Strnad did, on the 2d day of January, 1896, purchase of Joseph Kendler the property described in the deed of trust attached to and made a part of plaintiff's petition, to wit:   The south half of lot 4 in block No. 9 of Dickson's first addition to the city of Taylor, and taking the deed thereto in his own name and paying therefor the sum of $150 in cash, the separate property of this intervener, and giving his promissory note for the sum of $215, payable on the 1st day of December, 1896, and when said note

became due, this intervener delivered to her said husband the sum of $236, the amount of said note and interest thereon, and directed and instructed him to take said sum and pay off said note, and he did so apply said sum and discharge said note, and that all of the purchase money of the said property was the separate property of this intervener. And the intervener prayed that she have judgment declaring said property to be her separate property, and for such other and further relief as in law and equity she may be entitled to, and for cost.

Defendants demurred and denied generally, and set up defenses which need not be noticed, as they consented that judgment might be rendered against them for the debt and foreclosure.

The trial by the court without a jury resulted in a judgment for plaintiff against John H. and Anton G. Strnad for the amount of the note and attorney's fees, but denied a foreclosure of the deed of trust on the ground that the part of the lot on which foreclosure was sought was the separate property of Mary Strnad, wife of John H. Strnad, from which Joseph Strnad has appealed.

The facts proven on the trial, agreed to by the parties, are as follows:

"In this case it is agreed that plaintiff is entitled to judgment against John Strnad and Anton G. Strnad for the amount of the debt, principal, interest, and attorney's fees sued for in plaintiff's petition, and to the foreclosure of the deed of trust declared upon in said petition on the lot in whole or in part, as the facts may warrant, unless the court shall find from the facts hereinafter set out that plaintiff is not entitled to such foreclosure, which facts are agreed to be as follows:

"(1) That John H. Strnad, Anton G. Strnad, and Charles B. Strnad, being the owners of the lot described in plaintiff's petition each owning an undivided one-third thereof, on to wit, June 7, 1894, conveyed the said lot in trust to W. F. Robertson for the purpose of securing the payment to Joseph Kendle of the sum of $300 evidenced by their certain promissory note of even date, which deed of trust contained a power of sale authorizing the said Robertson, in case of default in the payment of said note, to sell the said lot at public vendue.

"(2) That the said John H. Strnad and Anton G. Strnad on to wit, September 15, 1894, executed, acknowledged, and delivered the note and deed of trust declared upon in plaintiff's petition herein, conveying their interest in the said lot.

"(3) That thereafter the said W. F. Robertson in pursuance of power of sale contained in the said deed of trust made by the said three Strnads to him, to wit, December 3, 1895, sold the said lot at public vendue to Joseph Kendle for $200, and thereupon executed and delivered unto him a good and sufficient deed in law, conveying the said lot to him.

"(4) That on to wit, January 2, 1896, the defendant John H. Strnad having intermarried with the intervener Mary Strnad, his wife, purchased from Joseph Kendle the said lot, taking the deed from Kendle in his own name, and paying Kendle and agreeing to pay him as con-

sideration the sum of $365; $150 of which amount was paid in cash at the time of the delivery of the deed and was the separate means of his wife Mary, and then and there gave his promissory note, in which his wife did not join, for the balance, maturing December 1, 1896, and bearing interest at the rate of 10 per cent per annum from date.

"(5)   That thereafter, at the maturity of the said note, the said John H. Strnad paid the same with the separate means of the said Mary Strnad."

Plaintiff read in evidence the deed of trust declared upon in his petition which conveyed to John W. Parker, in trust, the south one-half of lot 4 in block 9 in Dickson's addition to the city of Taylor, and being the same lot described in his petition which was executed by the defendant John H. Strnad and Anton G. Strnad for the purpose of securing plaintiff in the payment of the note declared upon in his petition, which deed of trust was duly filed for record December 24, 1894, in the office of the clerk of the County Court of Williamson County, and was thereafter, on December 26, 1894, recorded in the deed of trust records, book 12, p. 461.

Plaintiff read in evidence deed of Joseph Kendle to defendant John H. Strnad, as follows:

"State of Texas, County of Williamson.—Know all men by these presents that I, Joe Kendle, of the county of Williamson and State aforesaid, for and in consideration of the sum of three hundred and sixty-five dollars paid and secured to be paid by John H. Strnad, as follows: One hundred and fifty dollars in cash, the receipt of which is hereby acknowledged, and one promissory note in which a vendor's lien on this property is retained for two hundred and fifteen dollars, dated the 2d day of January, 1896, and payable the 1st day of December, 1896, and bearing interest at the rate of 10 per cent per annum from date:

"Have granted, sold, and conveyed, and by these presents do grant, sell, and convey unto the said John H. Strnad, of the county of Williamson and State of Texas, all that certain tract or parcel of land lying and being situated in the city of Taylor, county of Williamson, as follows, to wit: Being the south one-half of lot No. four (4) in block No. nine (9), in Dickson's first addition to the city of Taylor according to the map of aforesaid addition on record in deed records of aforesaid county at Georgetown, Texas, said lot having a width of 67½ feet and a depth of 135 feet.

"To have and to hold the above described premises, together with all and singular the rights and appurtenances thereto in any wise belonging, unto the said John H. Strnad, his heirs and assigns forever. And I do hereby bind myself, my heirs, executors and administrators to warrant and forever defend all and singular the said premises unto the said John H. Strnad, his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

"But it is expressly agreed and stipulated that the vendor's lien is retained against the above described property, premises and improve-

ments, until the above described notes, with all interest thereon are fully paid, according to the face and tenor, effect and reading, when this deed shall become absolute.

"Witness my hand at Taylor, this 2d day of January, 1896. Joseph Kendle."

*Opinion.*—The assignments of error are as follows:

"1. The court erred in denying plaintiff a foreclosure of the deed of trust declared upon in his petition.

"2. The court erred in holding that the land upon which the deed of trust was given to secure the plaintiff in the payment of his debt was the separate property of Mary Strnad and therefore not subject to foreclosure of plaintiff's lien.

"3. It conclusively appearing that the deed was taken in the name of John H. Strnad, the husband of Mary Strnad; that the consideration was $365, of which amount he paid out of the separate means of his wife the sum of $150, and gave his individual note for the balance, which he paid at maturity with the separate means of his wife; that plaintiff's deed of trust was in force and wholly unsatisfied at the time the said John H. Strnad purchased the land, the court erred in not holding that the title to the portion of the lot represented by the unpaid purchase money vested in the community, and was therefore to that exent subject to plaintiff's lien, and in not foreclosing his said lien on the interest in said lot so vesting in the community."

The evidence showing that at the time of the purchase $150 of the separate estate of the wife was paid as part of the purchase price, to that extent the property was the separate estate of the wife Mary derived as a resulting trust.

The deed being to the husband, the residue of the land would be community estate, unless there be some other facts which would make it her separate estate, and the mere fact that the deferred payment evidenced by note of the husband was paid by her would not constitute the residue of the land her separate property, there being no evidence tending to show that the purchase was intended to be her separate estate, and it being a fact that the deferred payment was evidenced by his individual note. There are many cases in this State to the effect that if the deed be to the wife, and the deferred payment be made by her, the property will be her separate estate. Schuster v. Jewelry Co., 79 Texas, 179; Dunham v. Chatham, 21 Texas, 232; Ullman v. Jasper, 70 Texas, 452; 48 Texas, 189. But where the deed is to the husband, as in the case at bar, the payment by the wife must be made at the time of the purchase, in which case a resulting trust arises in her favor and vests the equitable title in the wife. Oury v. Saunders, 77 Texas, 279, et seq., and authorities cited.

There is no testimony in the record in the case before us indicating the intention of the parties, husband and wife, whether the purchase was for the community or the wife's separate estate. There is nothing

but the bare facts that the deed was to the husband, who gave his note for the unpaid purchase money, and the fact that the wife paid out of her separate estate the note after the purchase.

Under the facts it should be held, and we so decide, that the wife acquired an equitable interest in the land, derived as a resulting trust, to the extent of the payment made with her separate estate at the time of the purchase, but that she acquired no further interest in the land by payment of the note after the purchase. Subrogation is not relied on in her pleadings; that is, subrogation to the rights of the vendor holding the note for the deferred payment, and she can not recover on the ground of subrogation.

She is entitled to recover 30-73 of the land, under her rights of resulting trust, which is not subject to plaintiff's debt. The residue of the land, 43-73, is liable for the debt sued on.

The judgment is therefore affirmed in part, decreeing to the wife 30-73 of the land in her separate right, and reversed and rendered in part, ordering a foreclosure of plaintiff's deed of trust on the remainder of the land, to wit, 43-73 of the land, which is ordered sold to pay plaintiff's debt, for which purpose order of sale will be issued by this court.

*Affirmed in part and reversed and rendered in part.*