## BASSHAM v. ROBERTSON.

(Court of Civil Appeals of Texas. Amarillo. March 8, 1913.)

1. TROVER AND CONVERSION (§ 34*)—SUBROGATION AS DEFENSE—PLEADING.

Defendant in conversion cannot, under a general denial, show his subrogation to the lien of a stranger.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 207–214; Dec. Dig. § 34.*]

2. PRINCIPAL AND SURETY (§ 6*)—GUARANTY.

One signing a note as surety may by provision thereof also guarantee payment for future purchases on open account by the principal debtor of the payee.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 6; Dec. Dig. § 6;* Guaranty, Cent. Dig. § 4.]

Appeal from Cottle County Court; W. E. Prescott, Judge.

Action by G. N. Robertson against W. B. Bassham and another. Judgment for plaintiff. Defendant Bassham appeals, plaintiff assigning cross-error. Affirmed.

J. Ross Bell, of Paducah, for appellant. Browne & Hawkins, of Paducah, for appellee.

HALL, J. G. N. Robertson filed this suit in the justice court of Cottle county against E. B. Edwards and W. B. Bassham, as de-

fendants, to recover the amount of a promissory note, in the sum of $33, together with the amount of an open account, aggregating $82.25. A trial in the justice court resulted in judgment in plaintiff's favor for the amount of the note, interest, and attorney's fees, from which judgment plaintiff Robertson appealed to the county court of Cottle county, where a trial before the court resulted in a judgment for $115.25, from which judgment appellant Bassham brings the case here for review.

[1] It seems that Edwards was the tenant of Bassham, farming Bassham's land upon shares, and applied to plaintiff Robertson for supplies and advances to enable him to make a crop. It was agreed between Robertson and Edwards that the note in question should be executed, and that Bassham should sign the same as surety for Edwards, which was done. The note stipulated that the makers should be liable for the amount thereof, and for any other sums which might be evidenced by open account. This note was secured by a mortgage executed by Edwards upon his part of the crop. It further appears, however, that he had previously executed a mortgage upon the same property to the Paducah State Bank, and that the bank's mortgage was executed to secure a note signed by Edwards as principal and Bassham as surety. At the time of the trial all of this last-named note had been paid except $95. By agreement between Bassham, Edwards, and the bank, Bassham undertook to pay the balance of $95, and it was understood that he was to be subrogated to the lien of the bank. The only pleadings by the defendant Bassham in the justice and county courts was a general denial and a tender of the amount of the $33 note, with interest thereon to the date of the tender. The trial judge held that, because appellant Bassham failed to plead the facts entitling him to such relief he could not be subrogated to the rights of the bank under its prior mortgage, and this is the only error assigned by the appellant Bassham. It seems that the authorities are not in accord on this proposition. The case of Crane v. McGuire, 64 S. W. 942, holds that a defendant in conversion is entitled to show ownership of the property involved by virtue of a mortgage without specially pleading the same, and this seems to be the effect of the decision in Parlin-Orendorff Co. v. Henson, 21 Tex. Civ. App. 401, 53 S. W. 62. It was, however, held in Carter v. Wallace, 2 Tex. 206, that all matters of justification or excuse must be specially pleaded, stating that the rule was essential in order to prevent surprise to the plaintiff at the trial, who probably would not be prepared on a plea of not guilty, to meet the various grounds which the defendant might then for the first time set up in defense. It is admitted that as a general rule the facts entitling the defendant to subrogation must be pleaded. Crebbin v. Moseley, 74 S. W. 815; Strnad v. Strnad, 29 Tex. Civ. App. 124, 68 S. W. 69. However, the weight of authority in other jurisdictions is that under a plea of not guilty or a general denial, in actions for conversion, the defendant may introduce any and all proof that will meet and overthrow what the plaintiff is bound to prove, in order to recover, and may show anything, except the statute of limitations and matters strictly in confession and avoidance, and that, under the general issue, the defendant may offer evidence of any fact which tends to negative either the act of conversion, the wrongfulness of the act, plaintiff's ownership, or his right of possession. Defendant may also show title either in himself or in a stranger. 38 Cyc. 20, 75; 21 Enc. Pl. & Pr. 1095. In Keating Implement Co. v. Terre Haute Carriage Co., 11 Tex. Civ. App. 216, 32 S. W. 556, it is held that the defendant cannot show under general denial that a stranger has a lien upon the property. In view of the decision of the Supreme Court in Carter v. Wallace, supra, we are inclined to follow the decision in Keating Implement Co. v. Terre Haute Carriage Co., supra, as the established rule in this state, notwithstanding the weight of authority in other jurisdictions, and the holding in Crane v. McGuire, supra, seem to oppose this position.

[2] The appellee has briefed a cross-assignment of error, which is as follows: "The court erred in not rendering judgment against the defendant Bassham on his original written promise to pay, and in holding as a matter of law that, where a party signs a note as surety for another for a specified amount, he will only be bound for the amount stated in the face of the note, although there is a statement in the face of the note undertaking to bind the signers for future purchases on open account in excess of the amount stated in the face of the note." In our opinion this assignment should be sustained. We know of no rule of law which would hold the maker of such a note or his surety liable for only the sum named in the face of the note, and we see no good reason either in law or equity why Bassham should not be permitted in the first instance to guarantee to Robertson the payment, not only of the face of the note, but such further sums as might be due and evidenced by an open account, and we have been cited to no case that intimates any such rule. With this view of the case, it is immaterial whether or not appellant Bassham is subrogated to the rights of the bank under its mortgage, because he is liable for the amount claimed by appellee Robertson upon his written obligation, as evidenced by the note and the account, and, if we should admit that the court erred in holding that Bassham was not entitled to be subrogated to the rights of the bank, the error is harmless.

Believing that the judgment in the trial court is the one which should have been rendered, it is affirmed.