acquire a lien on said property. Berry v. McAdams, 93 Tex. 435, 55 S. W. 1112; Johnson v. Amarillo Improvement Company, 88 Tex. 511, 31 S. W. 503; Horan v. Frank, 51 Tex. 404; Fullenwider v. Longmoor, 73 Tex. 480, 11 S. W. 500.

[2] We think, however, that the Southwestern Iron Company and the Texas Glass & Paint Company are each entitled to a judgment in the amount of their respective claims sued upon against J. D. Turner, and against the Adams-Simpson Lumber Company as surety on his bond. As will be seen, the bond is made payable to all parties who may be entitled to liens, and provides:

" * * * And shall duly and promptly pay and discharge all indebtedness that may be incurred by the said J. D. Turner in carrying out the said contract, and complete the same free of all mechanics' liens and shall truly keep and perform the covenants and agreements in said contract and in the within instrument contained, on his part to be kept and performed, at the time and in the manner and form therein specified. * * *"

This provision of the bond, when construed in connection with that provision of the bond contained in the last paragraph thereof, to the effect that the bond is made for the use and benefit of all persons who "may become entitled to liens under the said contract according to the provisions of law in such cases made and provided and may be sued upon by them as if executed to them in proper person" evidences the intention of the makers of the bond to secure the payment and the discharge of all indebtedness incurred by Turner in carrying out the building contract, whether or not the parties in whose favor the debts were due did the things necessary to fix their liens upon the property. Under this bond the surety became liable for the debts of the plaintiffs in error which were incurred by Turner in the construction of the building. The facts show that the plaintiffs in error each were entitled to fix a lien upon the property. The bond plainly provides to secure the discharge of such debts, regardless of whether the liens were in fact fixed. The bond was thus substituted for the liens, leaving the property of Crowdus unincumbered by such liens. The identical same question was passed upon by this court in the case of Bullard et al. v. Norton et al., 182 S. W. 668. A discussion of the question will be found in that case, for which reason an extended discussion seems unnecessary here. This case is controlled by our holding in that case.

The judgment of the Court of Civil Appeals should be reversed and rendered in favor of the Southwestern Iron Company and of the Texas Glass & Paint Company against the Adams-Simpson Lumber Company, to the extent that they each have judgment against the Adams-Simpson Lumber Company, as surety on the bond of J. D. Turner for their debts in the same sums for which they re-

covered against said Turner. In other respects the judgment of the Court of Civil Appeals is in all things affirmed.

Reversed and rendered in part, and affirmed in part, as indicated.

---

JOHNSON et al. v. KIRBY.    (No. 5757.)

(Court of Civil Appeals of Texas.    March 14, 1917.    On Motion for Rehearing, . April 18, 1917.)

1. WILLS ⟨⟩693(3)—ESTATES CREATED—CONSTRUCTION—POWER TO CONVEY.

Will granting wife all property for her sole and exclusive use and benefit, with full power to sell at any time, and in such manner and upon such terms as she might elect, providing that, if on her death any property remained undisposed of, it should go to a charitable trust, granted the wife the full estate, and she could transfer the property and notes to another, and even consume the entire estate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1655.]

On Motion for Rehearing.

2. POWERS ⟨⟩34(1)—EXECUTION — ESTATES CONVEYED—CONSTRUCTION.

Where the grantor took under her husband's will, authorizing her to convey a fee-simple title, her deed, conveying whatever interest she had, conveyed the fee, including both her own and her husband's interest in community property, although the deed did not refer to the will.

[Ed. Note.—For other cases, see Powers, Cent. Dig. § 121.]

Appeal from District Court, Hays County; Frank S. Roberts, Judge.

Suit by G. G. Johnson and others against Miss Cannie Kirby. Decree for defendant, and plaintiffs appeal. Affirmed. On motion for rehearing. Motion overruled.

O. T. Brown (now dead) and G. W. Barcus, of Waco (on motion for rehearing), for appellants. E. M. Cape and R. E. McKie, both of San Marcos, for appellee.

JENKINS, J. Appellee objects to the consideration of appellant's brief, for the reason that the same is not in accordance with the rules. Should we strictly construe the rules, perhaps this objection would be sustained, but we prefer to decide the case upon its merits.

C. W. Gregory, of Hays county, Tex., made his last will and testament, from which we quote as follows:

"2. It is my will and desire that my beloved wife, F. E. Gregory, shall have all of my property, real, personal and mixed, wherever the same may be situated, both my separate property, if any, and all my right, title and interest in and to such community property as I may own in common with the said F. E. Gregory, to have and to hold the same and every part thereof to and for her sole and exclusive use and benefit, with full power to sell and convey, and dispose of the same, or any part thereof, as she may desire, and at any time, and in such manner, and upon such terms as she may elect, and with full power in the premises to convey the absolute fee simple title thereto: Provided, however, that if, at the date of her death any of the specific property hereby bequeathed and devis-

ed to her shall remain on hand, unsold and undisposed of, then, at her death, it is my will and desire that such property so remaining on hand shall be disposed of in accordance with the provisions contained in the fourth paragraph of this instrument.

"3. It is my will and desire that she, the said F. E. Gregory, shall not only have the use of the specific property hereby bequeathed and devised for her own exclusive benefit, using, enjoying, appropriating and, if she shall desire, consuming the same, but it is also my will and desire that she shall in like manner use, enjoy, appropriate, and, if she shall so desire, consume for her own benefit, the proceeds arising from so much of said property as she shall, under the power hereby conferred, sell and convey, or otherwise dispose of; but if at her death, any of the proceeds arising from any such sale or other disposal of such property shall remain on hand, it is my will and desire that such remaining proceeds, at her death, be disposed of in accordance with the provisions contained in the fourth paragraph of this instrument.

"4. By the term 'specific property,' as used in this instrument, I mean the whole or any part of the property hereby devised and bequeathed unto the said F. E. Gregory, and by the term 'proceeds,' as used in this instrument, is meant the money or other thing, if any, received by her as the price of, or in exchange for, any of such property sold or disposed of by her, whether the thing so received be realty or personalty; and it is my will and desire that so much of the property hereby bequeathed and devised to her as may remain on hand at her death undisposed of, and so much of the proceeds of such sales as shall then remain on hand, undisposed of, and so much of the thing or things received in exchange for any of the property hereby bequeathed and devised as shall then remain on hand undisposed of, shall then go to trustees appointed by the Annual Conference called the West Texas Conference of the Methodist Episcopal Church, South, for the use and benefit of the Orphanage situated in the city of Waco, in the State of Texas, and which Orphanage is the same institution now superintended by the Rev. W. H. Vaughan; and it is my will and desire that the equitable title to such remaining and undisposed property be considered as hereby vested in such trustees for the use and benefit of said Orphanage; and I also request of the said F. E. Gregory that she take the necessary steps to clothe such trustees with the legal title thereto for such uses, but should she fail to do so, it is my will and desire that the equitable title thereto be considered as vested in such trustees for the uses aforesaid, under this will, immediately upon her death.

"5. I request the said F. E. Gregory, during her lifetime, to appropriate so much of the property or its proceeds hereby devised to her as in her discretion she shall deem sufficient and advisable for the object and purpose of providing for the support and maintenance of her sister, Cancadia Kirby.

"6. The sixth and last paragraph of the will appoints F. E. Gregory sole executrix of this will and provides that she shall be exempt from giving any bond as such executrix and exempted from the jurisdiction of the probate court, but shall be wholly an independent executrix."

Gregory died in 1901, and his will was duly probated. The estate of said Gregory at the time of his death consisted of a tract of land in the country, and the homestead in the town of San Marcos, all of which was community property of himself and wife. His wife, F. E. Gregory, sold the land in the country for the sum of $9,186.75 in the year 1906. She loaned the proceeds of this sale, taking notes, first in her own name, and sub-

sequently in the name of appellee, delivering said notes to appellee; her reason therefor being that she intended said notes as a gift to appellee. On August 30, 1915, F. E. Gregory made, executed, and delivered to appellee a deed, conveying to her the town property, in consideration of $1, love and affection, and other considerations, not named, reserving the right to herself to occupy said property, and to receive the rents and revenues thereof during her lifetime. On September 9, 1915, F. E. Gregory made, executed, and delivered to appellee another deed, conveying to her all of her property, real, personal, and mixed, save and except only her own wearing apparel, the consideration expressed in said deed being love and affection, $1, and other considerations not named.

Appellee is the sister of F. E. Gregory, and is the person referred to in the fifth clause of the will above set out. She had resided with C. W. Gregory and wife since she was 6 years old to the death of said C. W. Gregory, and continued to reside with F. E. Gregory during her lifetime. Appellee was partially paralyzed. She had aided Gregory and wife in their household duties, and continued to render assistance to Mrs. Gregory during her lifetime, they being inseparable companions. Appellants herein are the trustees of the Orphanage mentioned in said will, and brought this suit to recover said town lots and the proceeds of the sale of the country land received by appellee, amounting to $6,500, the remainder of the proceeds of said land having been spent by Mrs. Gregory during her lifetime.

[1] The issue here involved is as to whether or not Mrs. Gregory, under the provisions of said will, had the power to transfer said property and notes to appellee. We think the will conferred such power upon Mrs. Gregory. Hanna v. Ladewig, 73 Tex. 37, 11 S. W. 133; Feegles v. Slaughter, 182 S. W. 10; Young v. Campbell, 175 S. W. 1100; King v. Bock, 80 Tex. 156, 15 S. W. 804; Schuyler on Wills (5th Ed.) vol. 1, §§ 558, 565; 40 Cyc. 1610. Appellants cite McMurry v. Stanley, 69 Tex. 229, 6 S. W. 412, Flippen v. Robinson, 144 S. W. 707, and Littler v. Dielmann, 48 Tex. Civ. App. 392, 106 S. W. 1137, as holding the contrary doctrine. These cases, except the latter, are distinguishable from the instant case, in that the property was not conveyed by the beneficiary during his lifetime. In McMurry v. Stanley, supra, the will in question contained the following clauses:

"Third. It is my will and desire that my beloved husband shall have all my property, both real, personal and mixed, whatever the interest may be, whether separate or community interest. And that he have full power and control over same to use and dispose of as he may desire.

"Fourth. It is my will and desire that at his death, should he have any of said property still remaining in his possession not disposed of or used by him, that the same shall be given by him to my nieces, Jessie McMurray and Flora Brown, daughters of Vina and Taylor Brown."

The court said:

"We are of the opinion that N. G. Bagley (the beneficiary) took under the will an estate in fee in the entire property, but that this was in trust for the beneficiaries named in the fourth paragraph of the will, except as their right was limited by the right given to him to use and dispose of the property during his lifetime, which was given by the express terms of the will."

The property in question was not disposed of by Bagley during his lifetime, but he undertook to dispose of the same by will. Had the facts in that case shown that Bagley had disposed of the property during his lifetime, we think the court would have upheld the conveyance.

The same judge (Chief Justice Stayton) who wrote the opinion in McMurry v. Stanley, supra, also wrote the opinion in Hanna v. Ladewig, supra. In the latter case it was shown that Walter Hinkley executed a will, devising all of his property to his wife, with power—

"absolutely to dispose of my said property, real and personal, aforesaid, except as only hereinafter excepted, and all the right, title, and interest in possession, reversion, or remainder which I have or at the time of my death may have of, in, and to any personal or real property, lands, tenements, hereditaments, negroes, or annuities or rents charged upon or arising out of them, and sell and convey or will and bequeath the same according to her pleasure."

His wife deeded a tract of land owned by said Hinkley at the time of his death to her son Z. N. Hanna, who some years later redeeded it to his mother, and suit was brought by other children of Mrs. Hinkley to recover this land after her death. We quote from that opinion as follows (73. Tex. 42, 11 S. W. 135):

"The power conferred on Mrs. Hinkley by the will of her husband was as broad as could well be conceived, and no limitation was placed on its exercise, other than such as her own wish and pleasure might dictate. The will declared that she should have power to 'absolutely dispose' of the property, not for some specific purpose pointed out by the testator, but 'according to her pleasure.'"

With the exception of the power to dispose of the property by will, the power conferred upon Mrs. Gregory was as broad as that conferred upon Mrs. Hinkley; and the question of disposing of the property by will is not at issue in this case, as it was not in that case. In Hanna v. Ladewig, supra, the language of the will was to dispose of the property "according to her pleasure." In the instant case the language is:

"With full power to sell and convey, and dispose of the same, or any part thereof, as she may desire, and at any time, and in such manner, and upon such terms as she may elect, and with full power in the premises to convey the absolute fee simple title thereto."

It was sought to prove that the deed made by Mrs. Hanna to her son in the case above cited was a voluntary conveyance, and without consideration. The court held this fact was immaterial.

The ground of the decision in Littler v. Dielmann, supra, was that the pretended deed from Mrs. Robinson to Littler was not intended to convey the title of the land to Littler, but was a mere pretense to get title in herself by receiving a deed back from Littler.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.

### On Motion for Rehearing.

Appellants insist that, inasmuch as Mrs. F. E. Gregory owned in her community right a one-half undivided interest in the property mentioned in her conveyances to appellee, only this interest was conveyed by said instruments.

[2] They purport to convey the entire property, and consequently do convey whatever interest Mrs. Gregory had the right to convey. Inasmuch as the will authorized her to convey a fee-simple title to the community interest of C. W. Gregory, deceased, her deed operated as a conveyance of such interest, as well as her community interest. It was not necessary for her to refer in her deed to the will. It is a link in appellee's chain of title as fully as if it had been expressly referred to in the deed to her.

The motion for rehearing is overruled.

Overruled.