### EDWARDS v. THANNISCH. (No. 2173.)

(Court of Civil Appeals of Texas. Amarillo. June 20, 1923. Rehearing Denied Oct. 3, 1923.)

**1. Trover and conversion ⊕⟞32(3)—Pleading held to show ownership of house.**

In action for conversion of a house, pleadings alleging plaintiff's purchase from owner and present ownership *held* sufficient, in absence of special exceptions, to show plaintiff's ownership at time of conversion.

**2. Fixtures ⊕⟞35(2)—Evidence held to sustain finding house on lot was not part of realty.**

Evidence in conversion *held* to sustain finding plaintiff's house on the lot purchased by defendant was not a part of the realty.

**3. Fixtures ⊕⟞14—Sale of lot on which another owned house held not to affect latter's rights.**

Where plaintiff and B. agreed that when B. sold his lot on which plaintiff's house was located, appraisers should be chosen, and the value of the house as determined by them should be paid by B. to plaintiff, *held* that the fact that appraisers were not chosen prior to sale of lot to defendant with notice, did not affect plaintiff's rights in the house.

**4. Fixtures ⊕⟞27(1)—Parties may agree that house on land is no part of it.**

The character of a house as personalty, though attached to the realty as a fixture, may be determined by agreement of the parties.

**5. Fixtures ⊕⟞27(3)—Purchaser held to have purchased land with notice house thereon was personalty.**

When defendant bought realty with notice of plaintiff's ownership in a house thereon, he took it subject to the agreement between vendor and plaintiff that the house was personalty.

**6. Fixtures ⊕⟞33—Lessor held not entitled to convert building belonging to tenant upon failure to pay rent.**

Failure of plaintiff promptly to pay rent to defendant, on whose land plaintiff's house was situate, and concerning which it had been agreed that plaintiff might remove it, *held* not to confer upon defendant authority to destroy or convert the house.

**7. Trover and conversion ⊕⟞4—Assertion of ownership held conversion.**

Assertion by purchaser of lot of ownership of plaintiff's house thereon *held* a conversion.

#### On Motion for Rehearing.

**8. Landlord and tenant ⊕⟞22(1)—Contract held to mean owner of lot would rent lot to owner of house thereon.**

Where a contract between plaintiff and B., on whose lot plaintiff owned a house, provided that if the lot was sold at expiration of plaintiff's lease on the lot, B. would pay plaintiff the value of the house as determined by appraisers, but provided further if "said building" was not sold at expiration of lease, then B. "agrees to rent said building" to plaintiff, *held* the quoted provision, in view of evidence, meant that B. would rent the lot, not the building, to plaintiff.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Action by R. A. Thannisch against J. M. Edwards. Judgment for plaintiff, and defendant appeals. Affirmed.

W. D. Cardwell and H. G. Bennett, both of Burkburnett (Bonner, Bonner & Sanford, of Wichita Falls, and Cardwell & Bennett, of Burkburnett, on the brief), for appellant.

W. E. Wilson, Albert G. Walker, and Joseph H. Aynesworth, all of Wichita Falls, for appellee.

HALL, C. J. The appellee sued appellant Edwards in the district court of Wichita county to recover damages for the conversion of a business house and certain personal property. The only issues presented here relate to the damages incident to the conversion of the house. It appears that on November 6, 1919, one F. M. McClendon executed a bill of sale to appellee, reciting in part as follows:

"One two-story concrete house, located in Burkburnett, Tex., on the north side of Main street, together with all the furniture and fixtures that is in the second story of said house. I hereby certify that I am the owner of said house, and have legal right to dispose of same, $100 and other valuable considerations."

One W. J. Brown owned lot 13, block 38, in the original town of Burkburnett, upon which said house was situated, and on October 15, 1920, the appellant Edwards purchased said lot. It does not appear when or by whom the building had been erected

---

on the lot. On June 1, 1919, according to the testimony of Thannisch, he entered into a written contract with Brown, which is in part as follows:

"It is agreed and understood that if this lot is sold at the expiration of this lease, then said party of the first part (Brown) is to pay for the building now located on said lot in the following manner: 'The party of the first part is to choose one appraiser, the party of the second part is to choose one appraiser, and they in turn are to choose one other appraiser, and all of the appraisers are to appraise said building from its physical and earning value, and said party of the first part shall pay to the party of the second part (Thannisch) the amount these appraisers decide said building is worth. In the event that said building is not sold at the expiration of said lease then the first party agrees to rent said building to the party of the second part at a rental of $60 per month from month to month.'"

The case was tried to the court without a jury, resulting in a judgment in favor of Thannisch for the value of the house in the sum of $750. The original judgment was upon motion amended nunc pro tunc at the January term, 1922, and from the amended judgment this appeal is prosecuted. The court filed conclusions of fact, which we state in substance as follows:

(1) On or about the 6th day of November, 1919, R. A. Thannisch was the owner of a building situated on lot 13, in block 38, in Burkburnett, Tex., together with certain furniture, fixtures, and equipment.

(2) W. J. Brown was the owner of said lot, and had leased the lot to Thannisch at a monthly rental, with a provision in the rental contract that the building should be paid for whenever the lot was sold by Brown in such sum as appraisers, to be appointed in accordance with the contract, should agree to be its value.

(3) On or about the 15th day of October, 1920, Brown, the owner of the lot, sold the same to J. M. Edwards, conveying it by warranty deed, duly recorded.

(4) At the time Brown sold the lot to Edwards, Thannisch was in possession of the building in person and by tenants. Edwards knew, or should have known, of Thannisch's claim to the building and the personal property therein. Edwards had both actual and constructive knowledge of Thannisch's claim.

(5) Thannisch has demanded of Edwards payment for the house and personal property, which payment has been refused.

(6) Edwards has converted the house, but not the personal property.

(7) The value of the house at the date of its conversion is $750.

[1, 2] The first proposition urged relates to the sufficiency of plaintiff's pleadings as to his ownership of the house. In the absence of special exceptions we think the peti-tion sufficient. He alleges the purchase of the house from McClendon on November 6, 1919, and that ever since said date he has been and is now the owner of the building; has paid all rentals due of $60 per month to the said Brown; that at the time the defendant Edwards acquired title to the real estate, and prior thereto, Edwards well knew, personally, that the building belonged to plaintiff; that said building at the time the lot was sold by Brown, and at the time it was converted by Edwards, was well worth $16,000; and that Edwards has refused to pay the same or any part thereof. The evidence shows that at the time Edwards purchased the lot Thannisch and his tenants were occupying the building, and there is sufficient testimony, aside from the written bill of sale to Thannisch, to show that Edwards had actual notice that Thannisch was claiming the building as his own. Thannisch testified that he bought the house from Fred McClendon, paying $3,000 for it in 1919, and that Brown then owned the lot. That at the time he got the bill of sale for the house he secured the contract with reference to the sale of it from Brown, and that the building described in the bill of sale from McClendon is the building situated upon Brown's lot and which Edwards converted. Thannisch further testified with reference to the contract with Brown as follows:

"This contract I had with Mr. Brown was to run one year from June 1, 1919. It was never renewed, and was the only one I ever had with Brown. Under that contract I took possession of the building. Mr. Brown wanted to sell that property or wanted to build. His intention was to build a two or three story building, and that is the reason the provision for a rental of $60 per month was put in the contract, so he could build if he wanted to at the end of my lease. He, or the people that bought his property, could buy my building at its appraised value. When I rented the land from Brown, McClendon owned the building. From June 1st to November 6th I was collecting the rents on the building."

[3] It appears that Edwards did not consult Thannisch with reference to his possession, title, or ownership, before purchasing the lot from Brown. The primary contention of appellant Edwards is that the building, which he is charged with having converted and destroyed, was a part of the realty, and as a fixture has never been severed from the lot. We think the court's finding of fact is amply supported by the evidence. The fact that the building was not a fixture and not a part of the realty seems to have been intended by McClendon and Brown before Thannisch purchased the building and long prior to the time Brown conveyed the lot to Edwards, and the written contract between Brown and Thannish clearly recognizes the ownership of the house by the latter. The fact that Brown

and Thannisch did not appoint appraisers to value the house prior to the sale of the lot to Edwards does not affect the right of Thannisch.

[4] The character of the house as personalty, though attached to the realty in fact as a fixture, may be determined by agreement of the parties. Wright v. MacDonnell, 88 Tex. 140, 30 S. W. 907; R. B. Spencer Co. v. Brown (Tex. Civ. App.) 198 S. W. 1179. The intent is manifested by the agreement as well as the circumstances of this case, and in such matters the intent is the test. Copp v. Swift (Tex. Civ. App.) 26 S. W. 438; Harkey v. Cain, 69 Tex. 146, 6 S. W. 637.

[5-7] When Edwards bought the realty with notice, he took it subject to the agreement between Brown and Thannisch that the house was personalty. Potter v. Mobley (Tex. Civ. App.) 194 S. W. 205. The building was rightfully upon the lot. The failure of Thannisch to promptly pay the rent conferred upon Edwards no authority to destroy or convert the house. Edwards asserted ownership of the building in virtue of being the vendee of the lot, thus denying Thannisch's right to remove the structure. Such adverse claim of title amounted in law to conversion. Gaw v. Bingham (Tex. Civ. App.) 107 S. W. 931.

The judgment is affirmed.

On Motion for Rehearing.

The appellant insists that the plaintiff's petition fails to allege that Thannisch, plaintiff below, was the owner of the building at the time of the alleged conversation. The following quotations from the petition show that this contention is without merit:

"That under date of November 6, A. D. 1919, the plaintiff was the owner of one certain two-story building on lot 13, block 38, original town of Burkburnett, in Wichita county, Tex. * * * That ever since said November 6, 1919, said plaintiff has been and is now the owner of said building, and has paid all rentals due of $60 per month as aforesaid herein to said W. J. Brown, defendant. * * * That at the time said defendant J. M. Edwards acquired title to said real estate, and prior thereto, he, the said J. M. Edwards, defendant, well knew personally that said building belonged to this plaintiff, and also personally well knew that plaintiff owned the furniture, etc. * * * Defendants have absolutely no right, title, or interest in and to said building as against this plaintiff, and this plaintiff is the sole owner thereof."

We think these allegations sufficiently allege ownership. 38 Cyc. 2068–69; Hance v. Burke, 73 Tex. 62, 11 S. W. 135; Hurst v. Mellinger, 73 Tex. 189, 11 S. W. 185; Beckham v. Burney (Tex. Civ. App.) 42 S. W. 1041; Parlin & Orendorff v. Hanson, 21 Tex. Civ. App. 401, 53 S. W. 62; Shaw v. Adams, 2 Willson, Civ. Cas. Ct. App. § 177. A transfer was introduced in evidence executed by F. M. McClendon, conveying the building to Thannisch, dated the 6th day of November, 1919. The record fails to disclose that at any time during the trial Edwards questioned the ownership of Thannisch, but it clearly appears from the statement of facts that his claim to the building was based upon the fact that Thannisch's title had been forfeited by reason of his failure to pay the rents due upon the lot to Brown.

[8] The contentions presented in this motion are based principally upon the following paragraph, which appears in part of a written contract between Brown and Thannisch, with reference to the lease of the lot, according to Thannisch, upon which the house was situated:

"In the event that said building is not sold at the expiration of said lease then the first party (Brown) agrees to rent said building to the party of the second part (Thannisch) at a rental of $60 per month from month to month."

It is provided in the two preceding paragraphs of the instrument that if the lot owned by Brown was sold at the time of the expiration of the lease, that Brown should pay for the building in question, and further that the parties should each select an appraiser, who in turn should select a third appraiser, who should estimate the physical and earning value of the building. Thannisch and his attorney, Walsh, both testified that prior to and during the trial Edwards had admitted that he had notice at the time he purchased the lot from Brown that the building belonged to Thannisch, and the effect of their testimony is to show further that he was claiming the building by reason of an alleged failure on the part of Thannisch to pay the rent upon the lot. He does not directly contradict this testimony. In the light of this evidence we must conclude that the trial judge construed the paragraph of the writing above quoted to mean that Brown would rent the lot, instead of the building, to Thannisch at the sum of $60 per month. Brown did not testify, and there is not a syllable of testimony in the record tending to show that upon the failure of Thannisch to pay the rent for the lot that the title to the building would vest in Brown. We think the trial court correctly construed the writing in the light of this testimony. Any other construction would be contrary to the practical construction placed upon it by Edwards and Thannisch, and would be an absurd construction. The stipulation with reference to the purchase of the building by Brown and its appraisal, if the lot was sold at the expiration of the lease, is so clear and definite that the quoted paragraph, if given the construction contended for by appellant, would be contradictory and unreasonable.

The trial judge had the right, from all the

evidence describing the building and the materials in it, to fix the value, and we think the evidence would have supported a judgment for more than $750, as well as a judgment for personal property, which Edwards had wrongfully thrown out of the building.

The motion is overruled.

RANDOLPH, J., not sitting.