No. 2358.

Jessie McMurry et al. *v.* P. B. Stanley, Executor, et al.

1. Construction of Wills.—In construing a will, all of its provisions should be regarded for the purpose of ascertaining the intention of the testator, and if any particular paragraph of the will indicates an intent varient from that which is manifest from a consideration of all the other provisions, the general intent thus manifest must prevail.

2. Same.—The words "I will and desire," when used in a testamentary paper, indicate a mental decision that something shall be done, or refrained from and makes this madatory, rather than directory.

3. Same.—When the same words are used in different parts of the will relating to the same subject matter, the presumption exists that the testator intended that they should have the same signification, unless there is something in the context indicating that they were used in a different sense.

4. Same.—A will contained the following clauses: "3d. It is my will and desire that my beloved husband shall have all my property, both real, personal and mixed, whatever the interest may be, whether separate or community interest. And that he shall have full power and control over same, to sell and dispose of as he may desire. "4. It is my will and desire that at his death, should he have any of said property still remaining in his possession, not disposed of by him, that the same shall be given by him to my nieces, Jessie McMurry and Flora Brown, daughters of Vina and Taylor Brown." In a contest between the executor of the husband named in the third clause and the beneficiaries under the fourth clause, *held;*

(1) The third paragraph of the will can not be construed so as to pass to the surviving husband an absolute estate in fee, for his sole benefit, without nullifying the succeeding paragraph.

(2) Though the third paragraph of the will vested in the surving husband an estate in fee, it was a fee- in trust for the beneficiaries named in the fourth paragraph of the will, except as their right was limited by the authority vested in the husband by express terms to dispose of the the estate during his life.

(3) The doctrine that the absolute power of disposition given to one who is constituted the first beneficiary under a written instrument, for his own benefit, renders a subsequent limitation void for repugnancy, should not be applied to wills, when it clearly appears (construing the entire will) that the testator did not intend that such first beneficiary should have an absolute estate in fee for his own use and benefit.

(4) The testatrix must have intended from the language used, to leave her surviving husband no discretion as to how he should dispose by last will of the property she devised, and which at his death he had not alienated.

(5) The objection that the trust created by the fourth paragraph of the will was not sufficiently certain, is without force. It could be made certain by ascertaining what property received by him under the wife's will remain undisposed of by the husband by deed or gift up to the time of his death.

APPEAL from Rusk. Tried below before the Hon. J. G. Hazelwood.

*W. J. Graham ,J. H. Turner* and *H. L. Stone,* for appellants: On their proposition that an estate in fee, created by one clause of a will, can be cut down or limited to a less estate by a subsequent clause, by the use of language as clear and decisive as that by which the estate in fee was created, cited Roseboom v. Roseboom, 81 New York, 359; Campbell v. Beaumont, 91 New York, 467; Freeman v. Coit, 96 New York, 68; Byrnes v. Stillwell, Court of Appeals of New York, 5 Central Reporter, 403; Williams v. Worthington, 40 Maryland, 572; Taylor v. Martin, 8 Central Reporter, 139; Brockley's Appeal, 3 Central Reporter, 927; L. Ed. Fox's Appeal, W. N. C., 236; Hochstedler v. Hochstedler, 108 Indiana, 506; Bailey v. Sanger, 108 Indiana, 264; Collins v. Collins, 40 Ohio State, 535; Allen v. Craft, 109 Indiana, 476 (58 A. R., 425); Walker v. Pritchard, 12 Northeastern Reporter, 336.

That the fourth clause of Mrs. Bagley's will limited the estate previously conveyed to her husband to an estate for life with remainder in trust for the benefit of plaintiffs, and the trust was not one left at the option of Bagley to be carried out or not as he chose, but was imperative and absolute, they cited Weir v. Smith, 62 Texas, 1; Smith v. Bell, 6 Peters, 68; Harbison v. James,

2 Southwestern Reporter, 292; Bean v. Kenmeir, 86 Missouri, 666; 84 Missouri, 83; Anderson v. Hall and Crawford v. Hall, 80 Kentucky, 91; Williams v. Worthington, 49 Maryland, 572 (33 Am. Rep., 292); Anderson v. Hammond, 31 American Reports (2 Lea, 281), 612; 2 Redfield on Law of Wills, 422-446; Denson v. Mitchell, 26 Alabama, 361; 1 Perry on Trusts, second edition, sections 112-114.

*Gould & Sexton,* for appellees, contended that whenever it is the clear intention of the testator that the devisee shall have an absolute property in the estate devised, and absolute power of disposal is given, a subsequent limitation is repugnant and void, and cited Jones v. Bacon, 68 Maine, 34; Ramsdell v. Ramsdell, 21 Maine, 293; Gifford v. Choate, 100 Massachusetts, 346, 348; Hale v. Marsh, Idem, 468; Ide v. Ide, 5 Massachusetts, 504; Gibbons v. Shepherd, 125 Massachusetts, 543; 2 Redfield on Wills, page 277, section 33; Speairs v. Ligon, 59 Texas, 233.

Stayton, Associate Justice. This action was brought by Jessie McMurry and Flora Brown against the executor of the last will of N. G. Bagley and the devisees and legatees under that will. The plaintiffs claim as devisees or legatees under the last will of F. A. Bagley, who died in the year 1879.

F. A. Bagley was the wife of N. G. Bagley, and her will, which was alleged to have been duly probated, was made an exhibit in the petition. The two clauses upon which the controversy arises are as follows :

"3rd. It is my will and desire that my beloved husband shall have all my property, both real, personal and mixed, whatever the interest may be, whether separate or community interest. And that he shall have full power and control over same to use and dispose of as he may desire."

"4th. It is my will and desire that at his death, should he have any of said property still remaining in his possession not disposed of or used by him, that the same shall be given by him to my nieces, Jessie McMurry and Flora Brown, daughters of Vina and Taylor Brown."

The petition gives a general description of the property which it is claimed the plaintiffs are entitled to under the will of Mrs. F. A. Bagley, and there was no exception which questioned the sufficiency of the description of the property the plaintiffs seek to recover. The defendants claim the property under the last

will of N. G. Bagley, now deceased, which was executed on September 18, 1886. The petition alleged that N. G. Bagley and his wife were childless, and that the plaintiffs, during the latter years of their aunt's life, had resided in the family, and were treated by her as if they had been her own children, she supporting them to a great extent; and that Mrs. Bagley was an invalid, and desired and had their attention and care until she died.

Demurrers to the petition were filed and sustained and the petition dismissed, and from that ruling this appeal is prosecuted. This ruling was doubtless based on a holding that the will of Mrs. Bagley vested in her husband an absolute title in fee to all property owned in any right by her at the time of her death, and that it neither gave to the plaintiffs any right to any part or her estate nor affected it with a trust in their favor. These are the main questions presented, as we do not consider the questions raised between the devisees under the will of N. G. Bagley as properly before us in this case. If the third paragraph of the will of Mrs. Bagley stood alone there could be no doubt, when construed under the statute, that it would pass an absolute title in fee to N. G. Bagley, notwithstanding the fact that it gave to him in terms a power to dispose of the property and to use it as he might desire.

In the construction, however, of the entire will, the fact that the testatrix deemed it necessary to confer upon her husband an express power to use and dispose of the entire property, if he desired to do so, is a fact which may be looked to in determining what interest in the property it was intended he should take; for if it was the intention of the testatrix that the devisee should take in fee absolutely for his own there was no necessity expressly to confer upon him such powers as every such owner in fee possesses.

In construing the will all its provisions should be looked to for the purpose of ascertaining what the real intention of the testatrix was; and, if this can be ascertained from the language of the instrument, then any particular paragraph of the will, which, considered alone, would indicate a contrary intent must yield to the intention manifested by the whole instrument. It is evident from an inspection of the will before us, that it was not the intention of the testatrix, by force of the will alone, to vest in Jessie McMurry and Flora Brown a legal estate in remainder to be enjoyed by them after the termination of a life

estate in N. G. Bagley, for the will does not so provide, but contemplates that N. G. Bagley shall do some act through which whatever legal estate or interest it was intended they should have should vest.

In the construction of the will several questions arise: What estate did the testatrix intend should vest in N. G. Bagley? As before said the third paragraph of the will, standing alone, would vest the entire estate of the testatrix in him, and the inquiry arises whether there is anything in the fourth paragraph of the will which shows that this was not her intention. The words used in the third paragraph to indicate her intention to confer an estate on N. G. Bagley are: "It is my will and desire." That these words were used by the testatrix in this connection to indicate her intention that he should become the holder of some estate in the property referred to in that paragraph, no one would question. The words "will" and "desire" show an intention on the part of a testatrix, when used in such a connection, to dispose of the property to which they relate, and they are of frequent use in testamentary papers. The word "wish," when used in such a connection, is the equivalent of the word "desire," and has often been held to evidence the intention of a testator, when used in a will, to dispose of the property to which the wish refers. The word "will," however, when used in such a connection, is a stronger term, and evidences more clearly not only a desire that the thing willed shall become the property of the person in whose favor a bequest is made, or that the act thus directed shall be performed, than does the word "wish" or "desire." Its use evidences the decision of a mind, having power to carry its purpose into effect, that something shall be done or forborne, and makes this mandatory, rather than directory.

The presumption, when the same words are used in different parts of an instrument relating to the same subject matter, is that the person using them intended that they should have the same signification, unless there is something in the context evidencing that they were used in a different sense. The language used in the fourth paragraph of the will, in so far as it indicates the intention of the testatrix to confer a benefit on her nieces, is the same as she used to evidence her intention to confer some estate in the property referred to upon her husband by force of the instrument itself. The words being mandatory in the one

case, they must be held so in the other, in the absence of something in the will showing that the testatrix did not so use them.

We find nothing in the entire will which indicates that the testatrix intended by the use of the words "it is my will and desire that at his death * * * *the same shall be given by him to my nieces,*" to make it less mandatory that this should be done, to the extent contemplated, than was it that the husband should have some estate in the property referred to in the third paragraph. The intention of the testatrix in the third paragraph of her will is no more specific or certainly indicated, than is her intention as evidenced by the succeeding paragraph. The third paragraph can not be construed and held to pass to her husband an absolute estate in fee for his sole benefit without nullifying the succeding paragraph; and, under well settled rules for the construction of such instrument we do not feel authorized to do this, or to hold that she so intended. The third paragraph of the will vests an estate in N. G. Bagley, and it also confers upon him a power which the testatrix could not have deemed necessary had she intended to or understood that she was vesting the fee of the entire estate in him for his sole and exclusive use. The fourth recognizes the fact that a power had been vested in N. J. Bagley by the preceding paragraph, which could not otherwise exist in him had that paragraph, in terms, vested in him only a life estate; and it also conferred upon him a power not conferred before, in the exercise of which the beneficiaries named in it were interested. This latter power the testatrix, in effect, declared that N. G. Bagley should exercise, by giving to the named beneficiaries at his death all the estate named in the third paragraph of the will, which might at that time be undisposed by him.

We are of the opinion that N. G. Bagley took, under the will, an estate in fee in the entire property, but that this was in trust for the beneficiaries named in the fourth paragraph of the will, except as their right was limited by the right given to him to use and dispose of the property during his life time, which was given by the express terms of the will.

There are cases that hold that an absolute power of disposition given to the first taker for his own benefit, renders a subsequent limitation void for repugnancy, and the decisions were made by courts for whose opinions we have the highest respect. We, however, doubt the propriety of applying such an arbitrary rule in the construction of testamentary papers, for it would often

defeat the intention of a testator, as clearly expressed as may be the intention to confer on the first taker a particular estate, with power to dispose of a part or the whole of the property. At most it is but a rule, technical in its nature, based upon the presumed intention of a testator, which ought never to be given a controlling effect when, by the clear language of a will it appears that the testator did not intend that the first taker should have an absolute estate in fee for his own use and benefit. Any other ruling may make the intention of a testator to depend on a presumption of fact, when the testator, by his own language, has made his intention clear and thus left no occasion for indulging in presumptions.

It is always dangerous to adopt arbitrary rules for the construction of testamentary papers. It is no doubt true that, when an estate is given in one part of a will, in clear and decisive terms, such estate can not be taken away or cut down by any subsequent words that are not as clear and decisive as the words of the clause giving the estate. As said by the Court of Appeals of New York: "The rule that a limitation over to one can not be based upon a primary devise of an absolute estate to another, is founded entirely upon the supposed intention of the testator. When provisions are irreconcilably conflicting, one must give way to the other, and that must be adopted which seems to accord most clearly with the testator's primary object in executing the instrument; but when, by limiting the character of the first estate, the second may also be preserved, it is clearly the duty of the court to do so, unless such a construction is subversive of the general scheme of the will, or forbidden by some inflexible rule of law." (Wager et al. v. Wager, 96 New York, 174.)

We know of no inflexible rule of law forbidding Mrs. Bagley to so dispose of her property by will as to vest the entire legal estate in her husband, with power to him to use or dispose of any or all of it during his life time, even for his own benefit, and at the same time to vest an equitable estate in what might remain at his death in her nieces, and to confer upon her husband the power and to make it his duty by will or otherwise to vest the legal estate in such remaining property, at his death, in them.

The following are cases in which the first taker was given the right to use and absolutely dispose of the property in which a legal or equitable estate was given in so much as might remain

at the death of the first taker, to another person: Smith v. Bell, 6 Peters, 68; Wager v. Wager, 96 New York, 164; Anderson v. Hall, 80 Kentucky, 91; Flickinger v. Baum, 40 Ohio State, 591; Hamlin v. Express Company, 107 Illinois, 448; Terry v. Wiggins, 47 New York, 512; Smith v. Van Ostrand, 64 New York, 278; Walker v. Pritchard, 12 Northeastern Reporter, 336.

The true construction of wills, very similar to that under consideration in this case, is also considered in the cases above cited.

If Mrs. Bagley had provided in express terms in her will that the part of her estate remaining at the time of her husband's death should go to the persons named in the fourth paragraph, then a legal estate therein would have vested in them under the will; but this she did not. She, however, did declare in her will that her husband, at his death, should give any of the property then remaining in his possession to her nieces. The language through which this was done was imperative and left no discretion in N. G. Bagley as to what should be done with so much of the property as might still be in his possession at the time of his death. He was given a right to exercise his discretion as to the extent to which he would dispose of the property or consume it by use during his life time, but no further.

The real inquiry on this branch of the case is whether, looking to the entire will, Mrs. Bagley intended to impose an obligation on her husband to carry her expressed will into effect, or whether, having expressed her wishes, she intended to leave him to act on them or not at his discretion. The language of the will excludes the belief that she intended to vest a discretion in her husband as to the disposition he should make of the property in his possession at the time of his death. This being true, it must be held that the will created a trust in favor of Jessie McMurry and Flora Brown, and that it conferred a power on N. G. Bagley under which he ought to have done some act which would have vested in them the legal estate in fee to so much of the property as remained in his possession at the time of his death. He having failed to do so, it is their right to have the trust enforced as they now seek, unless there be such uncertainty as to the subject of the trust as to require a court of equity to refuse to carry it out.

It has been often said that in cases of this kind, three things must be shown before a court of equity will declare a trust to exist and enforce it: First, that the words of the testator ought

to be construed as imperative, and hence imposing on the trustee an obligation; second, that the subject to which the obligation relates must be certain; third, that the person intended to be the beneficiary under the trust be also certain. We have held that the will of Mrs. Bagley was imperative and imposed an obligation on her husband to carry out her wishes, which to him were commands; and there is no want of certainty as to the persons who were intended to be the recipients of her bounty.

Is the subject to which the trust was intended sufficiently certain? There are cases which hold that a trust can not be supported when the gift to the first taker is absolute in terms, so as to give to him power to dispose of the property, even if there be words following them by which the gift, in terms absolute is given, which show the will of the testator that the first taker shall make a given disposition of what may remain of the property at the time of his death; and so, upon the ground that the subject of the supposed trust is uncertain. This rule is also asserted by text writers. Such a rule, it seems to us, must be deemed but a rule of construction, founded upon a presumed intent as to one thing arising from an expressed intention as to another, rather than as a rule of law inflexible in its application which, as the rule before referred to, must yield to the clearly-expressed intention of the testator. From the facts necessary to the invocation of such a rule, the inference may be drawn, in the absence of language showing a contrary intent, that the testator did not intend to create a trust, for the reason that he gives the trustee power to defeat it; but it can not be said that such a provision in a will renders uncertain the subject to which the trust is intended to attach.

If the entire will shows clearly that it was the intention of the testator to create a trust, that intention can not be defeated by the application of any mere rule of construction, if the trust be lawful and the subject and object of it be, in a legal sense, certain. The will does not attempt to specify each particular piece of property it was intended should pass by its terms to N. G. Bagley. The description is general, but may be made certain by proof showing what property Mrs. Bagley owned, in any right, at the time of her death. The trust attached to all the property which passed by the will of Mrs. Bagley, general as was the description given of it in that instrument; but, by the terms of the will—by the command of the testatrix—it

was to cease as to such property as he might dispose of or consume in its use during his life time.

What property remained in his possession at the time of his death, which was a part of the estate of his wife at the time of her death, may be shown with as much certainty as any other fact; and, when this is the case there is nothing in the fact that the subject to be identified is to be effected with a trust, which can prevent the application of the maxim "that is sufficiently certain which can be made certain."

If the plaintiff had attempted to show, at some time prior to the death of N. G. Bagley, to what property their ultimate and beneficial right would attach with a view to enforce some supposed right, it would doubtless have been held that the subject to which such trust would so attach was then too uncertain; for N. G. Bagley had, under the will, up to the very time of his death, power to defeat their right to any particular part of the property. Their right was to what remained undisposed of at the time of his death. The burden of proving to what particular property the trust attaches rests upon the plaintiffs, and this they must prove with all reasonable certainty. They are entitled to receive, under the averments of their petition, all such property as belonged to the estate of Mrs. Bagley at the time of her death as was not consumed in its use or disposed of by N. G. Bagley before his death. The plaintiffs, however, assert in the petition a right to follow the proceeds of any property which belonged the estate of Mrs. Bagley at the time of her death, which was subsequently disposed of by her husband.

We think that the true construction of the will limits the rights of the plaintiffs to a recovery of property of the estate of Mrs. Bagley which was in the actual or constructive possession of N. G. Bagley, and undisposed of by sale or otherwise at the time of his death. Such is the letter of the will, and there is nothing in the relationship of the parties or the purposes for which the power to use and dispose of the property was most positively given to the husband which would authorize a holding that the testatrix intended that her nieces should have the right to follow and have the proceeds of any part of her estate that might be disposed of by her husband.

For the error of the court in sustaining the demurrer to the petition, the judgment of the district court will be reversed and the cause remanded.          *Reversed and remanded.*

Opinion delivered November 29, 1887.