BELKNAP.

---

CLOUGH & a. v. CLOUGH.

M., by will, gave certain land to C. " if she should have living issue," if not, then over. C. had a living daughter whom she survived. After the death of C. the remainder-men claimed the land against the grantee of C.'s devisee. *Held*, that the fee vested in C. upon the death of M., which occurred after the birth of the daughter to C.

WRIT OF ENTRY, for land in Sanbornton. Facts agreed upon by the parties for the opinion of the court. Joseph G. March died in 1854, leaving a will by which he gave to Mary S. Clough, her heirs and assigns, the demanded premises " if she should have living issue, if she should have no issue then to have the use and occupation of said premises during her natural life," remainder over. Mary S. Clough had one daughter, born in 1851, who died without issue in 1874. In 1880, Mary S. Clough died, leaving a will whereby she gave the premises to her husband, David C. Clough, and his heirs. By deed dated December 30, 1881, David C. Clough conveyed the premises to the defendant, whom he afterwards married. The plaintiffs claim under the will of Joseph G.

March; and the question is upon the construction and effect of the above clause in that will.

*Jewell & Stone*, for the plaintiffs.

*W. B. Fellows* and *E. A. & C. B. Hibbard*, for the defendant.

DOE, C. J.   The devise is "to my niece Mary S. Clough . . . to her heirs and assigns if she should have living issue, if she should have no issue then to have the use and occupancy of said premises during her natural life."   There is no express condition making the devise of a fee to Mary depend upon her issue continuing to live as long as Mary, or as long as the testator; and the will does not show that the testator used the terms "have living issue" in any other than their literal sense, or with an implied qualification that Mary's issue must survive her or the testator. His apparent intention was that the birth of living issue would determine whether Mary took a fee or a life estate.

*Judgment for the defendant.*

ALLEN, J., did not sit: the others concurred.