## McCullough *v.* Johnetta Coal Company, Appellant.

*Will—Devise—Estate tail—Rule in Shelley's case.*

Testatrix directed her executor, out of moneys of her estate, to buy land "the rents and profits of this land to go to my son." She further directed "should my son die without issue, then the land bought with my money shall be sold and the proceeds divided among my brothers and sisters or other heirs, but should my son have heirs or issue then this land shall be his and his heirs." The executors bought the land, and thereafter a child was born to the son. *Held* (1) that the son, even apart from having a child, took an estate tail, which by the act of 1855 was converted into an estate in fee simple; (2) that, apart from any rule of construction, the son upon the birth of the child took the land in fee simple.

Argued Oct. 21, 1904.   Appeal, No. 176, Oct. T., 1904, by defendant, from judgment of C. P. Washington Co., Aug. T., 1904, No. 62, on case stated in suit of James W. McCullough et al. v. Johnetta Coal Company. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ.   Affirmed.

Case stated to determine the marketable title to real estate.

The plaintiff claimed title from Alexander Horn. Mary Horn, mother of Alexander, by her will directed as follows :

" Fifth—I direct that my executor shall collect the notes due me from various persons and invest the money derived therefrom in land, the rents and profits of this land to go to my son, Alexander Horn, and my executor shall have a period of four or five years to collect and invest the money aforesaid.

" Sixth—Should my son, Alexander Horn, die without issue, then the land bought with my money shall be sold and the proceeds divided among my brothers and sisters or other heirs, but should my son have heirs or issue, then this land shall be his and his heirs."

After the executor had bought the land a son was born to Alexander Horn.

The court entered judgment for plaintiff on the case stated.

*Error assigned* was the judgment of the court.

*Alex. M. Todd,* with him *James A. Wiley,* for appellant, cited :

McMasters v. Shellito, 14 Pa. Superior Ct. 303 ; Thran v. Herzog, 12 Pa. Superior Ct. 551.

*Harry Russell Myers*, for appellee, cited : Bush's App., 33 Pa. 85 ; Knecht's App., 185 Pa. 194 ; Reinoehl v. Shirk, 119 Pa. 108 ; Lawrence v. Lawrence, 105 Pa. 335 ; Hackney v. Tracy, 137 Pa. 53 ; Stouch v. Zeigler, 196 Pa. 489 ; Taylor v. Taylor, 63 Pa. 481 ; Middleswarth v. Blackmore, 74 Pa. 414 ; Grimes v. Shirk, 169 Pa. 74 ; Ray v. Alexander, 146 Pa. 242 ; Lapsley v. Lapsley, 9 Pa. 130 ; Smith's Appeal, 23 Pa. 9 ; Corrin v. Elliott, 23 Pa. Superior Ct. 449 ; McCafferty v. Duerr, 207 Pa. 261.

OPINION BY MR. JUSTICE BROWN, December 31, 1904 :

After the executor had purchased the land in pursuance of the direction in the fifth clause of the will of the testatrix her son became the equitable owner of it, and, if of a fee simple in it, the title proffered to the appellant is good.   By the succeeding clause there is a devise over to the " brothers and sisters or other heirs " of the testatrix, if the son should " die without issue."   That under the settled rule of property in relation to land devised the son took an estate tail, cannot be questioned. By the act of 1855 it became a fee.   But apart from any rule of construction, the manifest intention of the mother was that, whenever her son should have issue, the land should become his in fee simple.   Her words are, " But should my son have heirs or issue, then this land shall be his and his heirs ; " that is, in the event of issue born to him, the land is to be his, and from him, and not from her, his heirs are to inherit it.   A child was born to him, and the contingency arose which his mother said should make him the absolute owner of the land.   The question raised on this appeal is not open to discussion.

Judgment affirmed.