COTTRELL v. MOREMAN.†

(Court of Civil Appeals of Texas. March 25, 1911. Rehearing Denied April 15, 1911.)

1. WILLS (§ 608*)—ESTATE DEVISED.

A will gave to testatrix's husband all the "property that I may be seised and possessed of at my death in fee simple. To have, control, use and enjoy as he sees fit as long as he lives, but if at his death, there remains any of said estate then the remainder is to revert from him to my nearest kin." Held, that the clause was not within the rule in Shelley's Case and passed a life estate only to the husband, with remainder to testatrix's nearest of kin as to property not disposed of during the husband's life.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1372–1378; Dec. Dig. § 608.*]

2. ESTATES (§ 8*)—"RULE IN SHELLEY'S CASE" —APPLICABILITY.

The rule in Shelley's Case is a rule of property in Texas.

[Ed. Note.—For other cases, see Estates, Dec. Dig. § 8.*

For other definitions, see Words and Phrases, vol. 7, p. 6272.]

3. WILLS (§ 450*)—CONSTRUCTION—INSTRUMENT AS ENTIRETY.

All the provisions of a will should be given effect, if it can be done conformably to testator's intention.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 966; Dec. Dig. § 450.*]

4. WILLS (§ 622*)—ESTATES—DEVISE—VALIDITY.

A devise, with power of sale and remainder over in the event of no sale, is valid.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1440–1444; Dec. Dig. § 622.*]

5. WILLS (§ 487*)—EVIDENCE TO AID CONSTRUCTION—PAROL EVIDENCE.

A will being unambiguous, parol testimony is inadmissible to show testatrix's intention.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1023, 1026–1032; Dec. Dig. § 487.*]

Appeal from District Court, Collin County; J. M. Pearson, Judge.

In the matter of the estate of M. L. Gee, deceased. From a judgment of the district court construing a will on appeal from the county court, J. D. Cottrell, administrator, appeals adversely to J. A. Moreman, administrator. Affirmed.

J. D. Cottrell and Garnett & Hughston, for appellant. R. T. Shelton and Abernathy & Abernathy, for appellee.

RAINEY, C. J. The facts in the case are shown in the conclusions of fact of the trial court, about which there is no controversy, as follows:

"The court finds as a fact that Alice Gee was the wife of M. L. Gee and that she died on the 22d day of January, 1908, about 7:30 in the evening; and that her husband, M. L. Gee, died the same night from three to five hours after the death of his wife. Alice Gee at the time of her death left surviving her two daughters, to wit, Mrs. Dora Moreman and Mrs. Mary J. Dunn, wife of Thomas F. Dunn, and who were the nearest of kin to her, the said Alice Gee, at the time of her death. At the time of the death of Mrs. Gee and her said husband, they both lived in Plano, Collin county, Tex. At the time of the death of M. L. Gee, he left surviving him a son named Frank Gee, and who resided in Brooklyn, in the state of New York, and had been there many years.

"Mrs. Dora Moreman lived at Alvord, in Wise county, Tex., and Mrs. Dunn lived somewhere in West Texas; the proof does not disclose where. Both Mrs. Moreman and Mrs. Dunn lived outside of Collin county, where their mother lived for many years, and the proof does not show whether Mrs. Dunn had ever visited her mother during that time. Dora Moreman had visited her mother one time after her marriage to Mrs. Gee. Mrs. Gee complained that both of her daughters had failed to visit her after her marriage with Mr. Gee, although she had been sick during that time, but after this complaint was made Mrs. Moreman visited her mother one time. Mrs. Gee complained because her daughters seemed to be offended at her for having married Mr. Gee.

"At the time of her death Mrs. Gee owned in her own name and as her separate property 68 acres of land in the G. Kennedy survey in Collin county, which was of the value of $60 per acre. She also owned a half interest in the homestead in which she and her husband died, and which consisted of 2½ acres of land in Plano, Tex., and the value of her half interest is $800; she also owned a half interest in a house and lot in Plano, about a half acre, known as the Purdy Cottage, and her interest in which was of the value of $250. Her husband, M. L. Gee, owned the other half of the Purdy lot, which was community.

"At the time of her death she and her husband, M. L. Gee, owned personal property, which was community between them and which was of the aggregated value of $853, and which consisted of household and kitchen furniture, cash on hand, and judgment against different parties. Some time prior to her death her husband, M. L. Gee, went to R. T. Shelton, an attorney at law of Plano, and asked him to prepare a will for his wife by the terms of which all the property of Mrs. Alice Gee would have been willed and bequeathed to her husband, M. L. Gee. In accordance with his request, the said Shelton did prepare said will and presented same to Mrs. Alice Gee for her signature, which will she refused to sign.

"Some time after this John Oglesby, a young man living in the town of Plano, who was not and never had been a practicing attorney, was requested to and did prepare a will. On one occasion, in a conversation with J. D. Cottrell, an attorney at Plano, Mrs. Alice Gee told him that she was going to will everything she had to her husband,

M. L. Gee, and gave as a reason that her daughters had received their father's part of the property, and a part of her estate, and that her girls did not seem to have any use for her any more.

"The will in controversy, and which was written by John Oglesby, is in words and figures as follows:

" 'State of Texas, County of Collin.

" 'Know all men by these presents, that I, Alice Gee, of the county of Collin, and state of Texas, being in good health and sound mind and memory do make, and publish this, my last will and testament, hereby revoking all wills by me at any time heretofore made.

" '(1) I direct that all my just debts shall be paid and that the legacies hereinafter given shall, after the payments of my debts be paid out of my estate.

" '(2) I desire that my body be buried in a Christian like manner, my body be buried in the Routh cemetery, Dallas county, and that a marble tombstone not to exceed fifty dollars, be erected over my grave.

" '(3) I will and bequeath to my beloved husband, M. L. Gee, all my real and personal property that I may be seised and possessed of at my death in fee simple. To have, control, use and enjoy as he sees fit as long as he lives, but if at his death there remains any of said estate then the remainder, whatever it be or whatever be the amount is to revert from him to my nearest kin then living and divided equally among them.

" '(4) I nominate and appoint my beloved husband, M. L. Gee, to be executor of this will, directing that no security be required of him as executor.

" '(5) It is my will that no other action shall be had in the county court in the administration of my estate than to prove and record this will and to return an inventory and appraisement of my estate and list of claims, and I authorize and empower said executor to sell or dispose of any portion of my estate, real or personal, in the manner that may seem to him best.

" 'In witness whereof I have hereunto set my hand, this the 3rd day of April, 1907, in the presence of F. M. Armstrong and John S. Oglesby, who attest the same at my request. Mrs. Alice Gee.

" 'The above instrument was now here subscribed by Mrs. Alice Gee, the testatrix, in our presence and we at her request and in her presence sign our names as attesting witnesses. F. M. Armstrong. John S. Oglesby.'

"This will was filed June 10, 1908, by the clerk of the county court of Collin county, Tex., and was probated on the 21st day of August, 1908, in due form. J. A. Moreman was appointed executor of the estate of Alice Gee, and filed an inventory setting out her property, which was sworn to by the said Moreman. J. A. Moreman was also appointed executor of the estate of M. L. Gee.

Frank Gee, the son of M. L. Gee, protested against the appointment of J. A. Moreman as executor of his father's estate, and J. A. Moreman filed his final account as such executor and resigned, and J. D. Cottrell was appointed administrator of the estate of M. L. Gee, deceased.

"After Cottrell was appointed administrator, another inventory was filed of the estate of M. L. Gee by J. D. Cottrell, and he added to said original inventory all the property set out in the inventory filed in the estate of Alice Gee, deceased. Whereupon J. A. Moreman made a motion to strike from the inventory of the estate of M. L. Gee the property which he claimed belonged to the estate of Alice Gee, and the county court, in construing the third clause of the will of Alice Gee, deceased, held that by the terms of said will M. L. Gee was entitled absolutely to the property of Alice Gee at her death and refused to strike the same out. Whereupon J. A. Moreman, as administrator, in open court gave notice of appeal and the case was appealed to the district court of Collin county, Tex."

The trial court, in effect, held that the devise to M. L. Gee in the will did not vest the title to the property in M. L. Gee in fee simple, but only vested in him an estate subject to his disposition during life, with remainder to vest in the two married daughters of Mrs. Gee, who are now living. We are of the opinion that the trial court properly construed the will, and that at the death of M. L. Gee, the husband, the title of the property vested in fee simple in Mrs. Gee's nearest of kin, who are her two daughters, Mrs. Moreman and Mrs. Dunn.

[1] The third clause of the will reads: "I will and bequeath to my beloved husband, M. L. Gee, all my real and personal property that I may be seised and possessed of at my death in fee simple. To have, control, use and enjoy as he sees fit as long as he lives, but if at his death there remains any of said estate then the remainder, whatever it be or whatever be the amount, is to revert from him to my nearest kin then living and divided equally among them." [2] This clause does not come within the rule in Shelley's Case, which is a rule of property in this state, but we think it clear from the language used Mrs. Alice Gee intended to bequeath to her husband her property to use and enjoy as he saw fit during his life, and, if at his death he had not disposed of any or all of it, what remained was to become the property of her nearest of kin.

In McMurray v. Stanley, 69 Tex., 227, 6 S. W. 412, a case very similar to the one under consideration, it was said: "In construing the will, all of its provisions should be looked to for the purpose of ascertaining what the real intentions of the testatrix were, and, if this can be ascertained from the language of the instrument, then any particular

paragraph of the will which, considered alone, would indicate a contrary intent must yield to the intention manifested by the whole instrument." It was further said in the same case: "That an absolute power of disposition to the first taker does not render a subsequent limitation void, for the reason that it might operate to defeat the intention of the testator himself; that it is a technical rule and ought never to be given a controlling effect, when, by the clear language of the will, the testator did not intend that the first taker should have an absolute estate."

We think it clear from the language used in the will that it was the intention of Alice Gee in the devise to M. L. Gee that her property, or so much thereof as he saw fit, should be used for his support and comfort during his life, and what remained on hand at his death, if any, should be "equally divided" between her nearest of kin, who in this case were her two daughters. [3] It is a rule of construction that all of the provisions in an instrument should be given effect, if it can be done, and conform to the intention of the maker. To hold that M. L. Gee took a fee-simple title to the property devised would render the will "incongruous and contradictory in all its parts, while the enforcement of the well-defined intention of the grantor harmonizes every provision of the" will. Simontron v. White, 93 Tex. 50, 53 S. W. 339, 77 Am. St. Rep. 824; Cleveland v. Cleveland, 89 Tex. 445, 35 S. W. 445; Lake v. Copeland, 82 Tex. 464, 17 S. W. 786.

The term "in fee simple," as used in the said third clause of the will, should not be construed as meaning that Mrs. Gee meant to bequeath her land in fee simple, but such term should be construed to mean that she held a fee simple to such land. But, if the term is susceptible of such an interpretation as contended for by appellant, the subsequent language used by the testator shows that such meaning was not intended, but that a life estate, with power of sale, should only vest in her husband. Lockridge v. McCommon, 90 Tex. 234, 38 S. W. 33.

[4] A will devising land to one, with power of sale and remainder over to another in the event there is no sale, is a valid bequest. McMurray v. Stanley, 69 Tex. 227, 6 S. W. 412; Littler v. Dielman, 48 Tex. Civ. App. 392, 106 S. W. 1137.

[5] The will being free from ambiguity, the court did not err in refusing to consider parol testimony as to Alice Gee's intention in making the will. Cleveland v. Cleveland, 89 Tex. 445, 35 S. W. 445.

In this case the issue whether or not the community property of M. L. and Alice Gee is liable for costs and expenses of administration of the estate of M. L. Gee, deceased, is not raised in this case, and we will not decide the same.

The judgment is affirmed.