PETERS v. RICE et al.

(Court of Civil Appeals of Texas. Dallas. May 31, 1913. Rehearing Denied June 21, 1913.)

1. DEEDS (§ 128*)—ESTATES CREATED—APPLICATION OF RULE IN SHELLEY'S CASE.

Where a deed conveyed land to a person for her natural life, with remainder to the heirs of her body and a limitation over in default of issue under the rule in Shelley's Case, she took a fee-simple title absolutely in the land.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 413–415, 419–421, 427; Dec. Dig. § 128.*]

2. EXECUTION (§ 251*)—SALES—OPENING OR VACATING—GROUNDS.

A sale under execution will be set aside for slight irregularities where gross inadequacy in price is shown.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 708–716; Dec. Dig. § 251.*]

3. EXECUTION (§ 251*)—SALES—OPENING OR VACATING—GROUNDS.

Under Rev. Civ. St. 1911, art. 3753, providing that, where property situated in a town or city taken in execution consists of lots, tracts, or parcels, each shall be offered separately unless they are not susceptible of a separate sale by reason of the character of the improvements thereon, where there were erected on property worth $12,000 or $15,000

five cottages occupied by separate tenants, the character of the improvements, instead of rendering it incapable of a separate sale, tended to divide the land into separate lots, and its sale as a whole was such an irregularity as avoided a sale for the grossly inadequate price of $40.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 708–716; Dec. Dig. § 251.*]

Appeal from District Court, Dallas County; Kenneth Force, Judge.

Action by Mrs. Alice Rice and another against George F. Peters. Judgment for plaintiffs, and defendant appeals. Affirmed.

Carden, Starling, Carden & Hemphill, Ed. Sewell, and Geo. O. Wallace, all of Dallas, for appellant. M. L. Dye, of Dallas, for appellees.

RAINEY, C. J. This suit was brought by Alice Rice and Annie Hamm against appellant to set aside a sale of a certain parcel of land situated in the city of Dallas, Tex., under execution issued against Alice Rice on a judgment rendered in favor of appellant for $43.80, interest and costs aggregating about $52. On a hearing of the case the court below rendered judgment in favor of the appellees for the land and in favor of appellant that he recover of appellees the sum of $51.75 tendered into court by plaintiffs and for all costs. From this decree of the court Peters appeals.

Conclusions of Fact.

Appellant recovered a judgment against Mrs. Alice Rice for $43.80, interest and costs. He caused an execution to be issued thereon and caused it to be levied on Mrs. Alice Rice's interest in the land in controversy, and had said land sold; he becoming the purchaser for the sum of $40.

The land was conveyed to Mrs. Alice Rice by her mother in consideration of love and affection; the habendum clause reading as follows: "To have and to hold, all and singular the premises unto the said Alice Rice for her during her natural life with remainder over to the heirs of her body, if any she have, but if the said Alice Rice should die without issue then title to the property hereby conveyed shall vest in my two children, Annie Hamm and Ferdinand Rick, in parcels as follows"—describing the parcels. On the land five cottages were erected which were occupied by separate tenants, bringing a revenue of $80 per month, and the whole property was worth $12,000 or $15,000. The land was sold by the constable as a whole, when by selling it in separate lots the sale of one would have been sufficient to more than pay off the execution. Before the bringing of this suit, appellees tendered to appellant the amount due on his judgment against Mrs. Rice, which he refused to receive, and then tendered it in court.

Conclusions of Law.

[1] It is contended that there is no irregularity shown in the sale by the constable, and that Mrs. Rice's interest was a life estate, and, the value thereof not being shown, the evidence fails to show that $40 was a grossly inadequate price for the land. We do not construe the evidence as showing that Alice Rice's title to the land was only that of a life estate. The deed from Helena Rick, conveying to her "during her natural life with remainder over to the heirs of her body," etc., under the rule in Shelley's Case, vested in her absolutely the fee-simple title to all the land in controversy. Seay v. Cockrell, 102 Tex. 280, 115 S. W. 1160; Lacey v. Floyd, 99 Tex. 112, 87 S. W. 665; Simonton v. White, 93 Tex. 50, 53 S. W. 339, 77 Am. St. Rep. 824.

The evidence showing the land to be of the value of $12,000 or $15,000, the levy was excessive, and the amount for which the land sold was grossly inadequate.

[2] Our courts consider slight irregularities in a sale sufficient to set aside a sale under execution whose gross inadequacy in the price is shown.

[3] The way the lot of land had been improved by the erection of buildings thereon so divided the land into separate and distinct pieces or parcels, and the failure to sell one at a time and not the whole at one time, as was done, was such an irregularity as to avoid the sale. Article 3753, R. S. 1911, provides: "If real property situated in any town or city, taken in execution, consists of several lots, tracts or parcels, each shall be offered separately, unless the same be not susceptible of a separate sale by reason of the character of the improvements thereon." The sale in this instance was violative of this article of the statute.

The character of the improvements on this land not only did not render it incapable of a separate sale but tended to divide the land into separate lots and render it capable to be offered for sale in separate parcels. The appellant received the amount of his judgment against Mrs. Rice, and it would be wholly inequitable for him to recover the land.

The judgment is affirmed.