WEST v. GLISSON et al.   (No. 5596.)

(Court of Civil Appeals of Texas.   Austin.
March 8, 1916.   On Motions for Rehearing, April 12, 1916.)

1. WILLS ⬅1—TESTAMENTARY POWER—EXTENT.

A testator can dispose of his property by will in any manner he sees fit, provided he does not contravene the law of the state.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1; Dec. Dig. ⬅1.]

2. WILLS ⬅439—CONSTRUCTION—INTENT OF TESTATOR.

It is the duty of courts to construe a will so as to carry into effect the will of the testator.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 952, 955, 957; Dec. Dig. ⬅439.]

3. WILLS ⬅456—CONSTRUCTION — MEANING OF WORDS.

Words in a will are to be construed in their ordinary meaning, unless the context shows that a different meaning should be given.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 974; Dec. Dig. ⬅456.]

4. WILLS ⬅470 — CONSTRUCTION AS A WHOLE.

The entire will must be looked into to ascertain the testator's intention, and, if possible, each clause must be construed so as to harmonize with all other clauses.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 988; Dec. Dig. ⬅470.]

5. WILLS ⬅441—CONSTRUCTION—SITUATION OF TESTATOR.

In case of ambiguity, the situation of the testator at the time of executing the will should be considered.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 958; Dec. Dig. ⬅441.]

6. WILLS ⬅602(3)—CONSTRUCTION—ESTATES CREATED—LIMITATION OF FEE.

Where one clause of a will gave all the property to the daughter of testatrix in fee, while the following clause provided that, if the daughter should die without heirs of her own, the property or the residue thereof should go to another, the two clauses should be construed together, and the absolute estate granted by the first clause is limited by the second.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1354; Dec. Dig. ⬅602(3).]

7. WILLS ⬅506(4) — CONSTRUCTION — "HEIRS."

In a will giving the property to the daughter of testatrix in fee, but, if she should die without heirs of her own, then to another, the word "heirs" means children.   Citing 4 Words and Phrases, Heirs.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1093–1095; Dec. Dig. ⬅506(4).]

8. WILLS ⬅616(4)—CONSTRUCTION—ESTATES CREATED—LIMITATION OF FEE.

A will which gave the property to the daughter of testatrix in fee, with the provision that, if the daughter should die without children of her own, the property or the residue of the same should go to another, gives the daughter the absolute power to dispose of the property during her lifetime.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1421; Dec. Dig. ⬅616(4).]

On Motions for Rehearing.

9. WILLS ⬅545(6)—CONSTRUCTION — CONDITION—SURVIVING HEIR.

Where a will gave the property to the daughter of testatrix in fee, with a provision that, if the daughter should die without children of her own, the property should go to another, it was intended to bequeath the residue to the other in case there should be no children surviving the daughter, not merely in case she should never have any children.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1176; Dec. Dig. ⬅545(6).]

10. WILLS ⬅602(3) — CONSTRUCTION — ESTATES CREATED—QUALIFIED FEE.

The estate created by a will giving the property to a daughter and her heirs in fee, with a provision that, if she die without children, it or the residue shall go to another, is a qualified fee, not a life estate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1354; Dec. Dig. ⬅602(3).]

Appeal from District Court, McLennan County; E. J. Clark, Judge.

Action by Lula West, by her guardian ad litem, against Annie Calvert Glisson and another, to construe a will.   From a judgment construing the will in accordance with defendants' contention, plaintiff appeals. Reversed and remanded.

James P. Alexander, of Waco, for appellant.   Oltorf & Oltorf, of Marlin, for appellees.

JENKINS, J.   This case involves the construction of the will of Mrs. Fannie Calvert, deceased, who was the mother of Mrs. Annie Calvert Glisson, the appellee herein, and the grandmother of Lula West, the appellant herein, which will is as follows:

"The State of Texas, County of McLennan.

"Know all men by these presents:   That I, Fannie Calvert, of the county and state aforesaid, being in sound and disposing mind and memory, and being desirous to settle my worldly affairs while I have strength to do so, do make this my last will and testament, revoking all others heretofore made by me:

"(1) I desire and direct that all of my just debts be paid out of my estate without delay, by my executrix hereinafter appointed.

"(2) It is my will and desire, that all the property, both real and personal, I may die seized and possessed of, after the payment of my just debts, together with all the expenses incident to the probating of this will, shall pass to and vest in fee simple in my beloved daughter, Annie Calvert, and her heirs.

"(3) It is my desire and will that if said Annie Calvert die without heirs of her own, then the property or residue of same herein bequeathed shall pass to and vest in fee simple in my granddaughter, Lula West.

"(4) I hereby appoint and constitute my daughter, Annie Calvert, executrix of this my last will and testament, and direct that no bond or security be required of her as executrix.

"(5) It is my will that no other action shall be had in the county court in the administration of my estate than to prove and record this will and to return an inventory and appraisement of my estate and list of claims.

"In witness whereof, I have hereunto set my hand this —— day of ——, A. D. 1912.
                              "Mrs. Fannie Calvert.

"Signed, declared, and published by Mrs. Fannie Calvert as her last will and testament in the presence of us, the attesting witnesses, who have hereto subscribed our names in the presence of said Mrs. Fannie Calvert at her special instance and request, this 23d day of January, A. D. 1912.          W. A. Hamilton.
                              "J. W. Lauterback."

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

This will was duly admitted to probate in McLennan county.

[1, 2] A testator is entitled to dispose of his property by will, in any manner that such testator may see fit, provided the same does not contravene the law of this state. Hancock v. Butler, 21 Tex. 806. It is the duty of courts to so construe a will as to carry into effect the will of the testator.

[3-5] In determining the intention of the testator the usual rules of construction of all written instruments are applicable, that is to say (a) words are to be construed in their ordinary meaning, unless it appears from the context that a different meaning should be given; (b) the entire instrument must be looked to, and, if possible, each clause thereof must be so construed as to harmonize with all other clauses; (c) in case of ambiguity, the situation of the testator at the time of executing the will should be taken into consideration. McMurry v. Stanley, 69 Tex. 230, 6 S. W. 412; Haring v. Shelton, 103 Tex. 10, 122 S. W. 14; Cottrell v. Moreman, 136 S. W. 126; Hancock v. Butler, supra.

In McMurry v. Stanley, supra, the court said:

"In construing the will all of its provisions should be looked to for the purpose of ascertaining what the real intention of the testatrix was; and, if this can be ascertained from the language of the instrument, then any particular paragraph of the will which, considered alone, would indicate a contrary intent must yield to the intention manifested by the whole instrument."

[6] At the time of the execution of the will Mrs. Fannie Calvert, deceased, was the owner in her own separate right of certain real estate. She had a husband and a daughter, Miss Annie Calvert, who has since married H. S. Glisson, who is joined herein pro forma. She also had a granddaughter, Lula West, who was then and still is a minor. These were her only heirs. The second clause of the will, as above set out, if it be construed independently of the third clause, vests the appellee with full fee simple title to the property owned by the executrix at the time of her death; and it is the contention of appellee that this clause of the will should be so construed, without reference to the third clause. But it is evident that the testatrix meant something by the third clause of the will, otherwise it would not have been inserted therein, and we think the two clauses should be construed the same as if they had both been inserted in one clause. Giving it this construction, the will, in effect, reads that her daughter shall have all of her property in fee simple, unless she dies without heirs of her own, in which event the property or residue of the same shall belong to the granddaughter.

[7] We think the words "without heirs of her own" should be construed to mean "without children of her own." "Heirs" may mean children. Simonton v. White, 93 Tex. 56, 53 S. W. 339, 77 Am. St. Rep. 824; Dolan v. Meehan, 80 S. W. 99; Hancock v. Butler, 21 Tex. 809; Brooks v. Evetts, 33 Tex. 732; Words & Phrases, vol. 4, pages 3246, 3249, 3250, 3251, 3252. It is very unusual for any one to die without "heirs," if this word be construed in its ordinary sense—that is to say, kindred who are capable of inheriting —and it evidently was not contemplated that this would be the condition of the daughter of the testatrix, inasmuch as she then had living a father and a niece, who, if they had died prior to the decease of the daughter, would perhaps themselves have left heirs, who would probably, in such event, have been the heirs of the daughter Annie. Had the daughter Annie died unmarried and without issue, the granddaughter would have been one of her heirs, but not her only heir had her father survived her, and not her only heir had she married and her husband survived her. But, in such case, it is evident that the testatrix did not mean that her granddaughter Lula West should inherit a portion of the property as the heir of her daughter Annie, nor, indeed, that she should inherit any part of it as such heir, but that she should take the same, or the residue thereof, under the will.

It is the contention of appellee that, inasmuch as the second clause of the will is clear and explicit, it should not be modified by the third clause because of ambiguities in the same; but if, after giving appellee the benefit of all doubt that may arise from such ambiguities, there still remains any beneficial interest in appellant under the third clause of the will, the same should be recognized. The ambiguities referred to are "without heirs of her own" and "residue of same." For the reasons stated, we think that it is clear, looking to the whole will, that the words "without heirs of her own" meant "without children of her own."

[8] As to the words "residue of same," we think the doctrine announced in McMurry v. Stanley and Cottrell v. Moreman, supra, should control. The clauses of the will under consideration in McMurry v. Stanley were as follows:

"Third. It is my will and desire that my beloved husband shall have all of my property, both real, personal and mixed, whatever the interest may be, whether separate or community interest, and that he shall have full power and control over same, to use and dispose of as he may desire.

"Fourth. It is my will and desire that at his death should he have any of said property still remaining in his possession not disposed of, or used by him, that the same shall be given by him to my nieces Jessie McMurry and Flora Brown, daughters of Vina and Taylor Brown."

It will be seen that the third clause of the will, as above set out in that case, if taken by itself, vests full title in the husband; but the court said:

"The third paragraph cannot be construed and held to pass to her husband an absolute estate in fee for his sole benefit, without nullifying the

succeeding paragraph; and, under well-settled rules for the construction of such instruments, we do not feel authorized to do this, or to hold that she so intended."

The court held that the husband took under the will an estate in fee in the entire property, but .that this was in trust for the beneficiaries named in the fourth paragraph of the will, except as their right was limited by the right given to him to use and dispose of the property during his lifetime, which was given by the express terms of the will.

In Cottrell v. Moreman, supra, the third clause of the will was as follows:

"I will and bequeath to my beloved husband, M. L. Gee, all my real and personal property that I may be seised and possessed of at my death, in fee simple, to have, control, use and enjoy as he sees fit as long as he lives, but if at his death there remains any of said estate then the remainder, whatever it be or whatever be the amount is to revert from him to my nearest kin then living and divided equally among them."

The court said:

"The trial court, in effect, held that the devise to M. L. Gee in the will did not vest the title to the property in M. L. Gee in fee simple, but only vested in him an estate, subject to his disposition during life, with remainder to vest in the two married daughters of Mrs. Gee, who are now living. We are of the opinion that the trial court properly construed the will. * * * This clause does not come within the rule in Shelley's Case, which is a rule of property in this state, but we think it clear from the language used Mrs. Alice Gee intended to bequeath to her husband her property to use and. enjoy as he saw fit during his life, and, if at his death he had not disposed of any or all of it, what remained was to become the property of her nearest of kin."

The will in the instant case, as in the case last above referred to, first devised the property of the testatrix to her daughter in "fee simple," but the third clause devised the residue thereof to her granddaughter. By the third clause of the will in the case of Cottrell v. Moreman, supra, it was held that the husband took only a life estate with power to dispose of the same, which is equivalent to the expression used in McMurry v. Stanley, supra, that the legatee took the estate in trust as to the undisposed portion thereof, for the benefit of the other legatees therein named. The will in the instant case did not, in express terms, give the legatee power to dispose of the property; but we think the expression in the third clause "residue of same," when taken in connection with the expression in the second clause, "fee simple" should be construed to give the appellee a life estate in the property of the testatrix, with power to dispose of the same or any part thereof; and that, if any of said property should remain undisposed of at the death of appellee, the same will become the property of Lula West as the residuary legatee under said will. This decision is based upon the fact, as shown by the statement of facts, that appellee has no children and it is not contemplated that she will ever have.

The court below construed the will herein as vesting an absolute fee simple title in appellee. For the reasons stated, the judgment of the trial court is reversed, and this case is remanded, with instructions to enter judgment as herein indicated.

Reversed and remanded, with instructions.

On Motions for Rehearing.

[9] Both appellant and appellees have filed motions for rehearing herein, with lengthy arguments and citations of numerous authorities. After carefully examining same, the conclusion at which we have arrived does not differ in its practical effect from that announced in our original opinion herein. We adhere to the view that the words "heirs of her own," used in the will, meant "children," and that the will meant to bequeath the residue of the estate to Lula West in the event Annie Calvert should die without leaving children surviving her. It is true that, in many cases seemingly similar to this, courts have construed the words "without issue" to mean without having issue born to the party. Courts have been influenced to some extent in this regard, as appears from the opinions, by the fact that it is advisable that the estate in lands should not remain uncertain. But that consideration should have no influence in this case for the reason that we hold that the appellee is empowered under the will to sell the land and make good title thereto. If she does not sell the same she derives all the benefit intended by the testatrix, and if she does sell the same the grantee acquires a perfect title. In many of the cases in which it has been held that issue means issue born, and not surviving, the language used would bear this construction. Thus, in Clough v. Clough, 64 N. H. 509, 15 Atl. 127, the language used was "if she should have living issue." In Isbell v. Maclin, 24 Ala. 315, the language was "should she marry and have lawful issue." In McCullough v. Coal Co., 210 Pa. 222, 59 Atl. 984, the language was "should my son have heirs or issue." In each of these cases it was held that the birth of a child vested the estate in fee simple; but in the instant case we think it clear that the testatrix intended the rights of her granddaughter Lula West to depend upon her daughter Annie Calvert leaving children at the time of her death.

In cases relied upon by appellees as vesting an estate in fee simple, the language used was "heirs of body," which has been construed to mean heirs generally within the rule of Shelley's Case. Peters v. Rice, 157 S. W. 1181; McGennis v. McGennis (Ky.) 29 S. W. 333. In Lacey v. Floyd, 99 Tex. 112, 87 S. W. 666, the language used was "to his lawful heirs." In that case the court pointed out the distinction between heirs and children. In Brown v. Bryant, 17 Tex. Civ. App. 454, 44 S. W. 399, the language used was "heirs." In Pearce v. Pearce, 104 Tex. 73, 134 S. W. 210, the language used by Judge

Ramsey was, "the estate became absolute upon the birth of a child"; but in that case the child survived her mother, to which the court evidently had reference, instead of simply to the birth of a child. In Chase v. Gregg, 88 Tex. 552, 32 S. W. 520, the devise was to the wife of the testator (his second wife), with remainder to his son by a former marriage in case she should die "without leaving a child or children born to her." No child was born to her.

We adhere to our ruling that the word "residue," used in the third clause of the will, taken in connection with the second clause, empowered appellee to sell the property and make good title thereto. Appellant says that in so holding she reaps a barren victory, inasmuch as appellee will doubtless sell the property, and thereby deprive her of any benefit therein. We are not responsible for this consequence, if such it be, nor do we think that we would be justified in supposing that the appellee will sell the property bequeathed to her, except upon what she may deem good reason for so doing and not merely to defeat the purpose expressed by her mother in her will.

[10] We think we were technically in error in describing the estate, which the will vests in the appellee, as a life estate. In Chase v. Gregg, supra, Mr. Justice Brown, speaking for the court, said:

"Under the will of Darius Gregg, Mrs. Gregg took an estate in fee, determinable upon the condition expressed."

We think this is a proper description of the estate vested in appellee by the will. Lord Coke says:

"Of fee simple, it is commonly holden that there be three kinds, viz.: Fee simple absolute, fee simple conditional, and fee simple qualified or base."

And Chancellor Kent says:

"Though the object on which it rests for perpetuity may be transitory or perishable, yet such estates are deemed fees, because, it is said, they have a possibility of enduring forever. It is the uncertainty of the event and the possibility that the fee may last forever that renders the estate a fee and not merely a freehold." Pipe Line Co. v. Ry. Co., 62 N. J. Law, 254, 41 Atl. 759, 42 L. R. A. 572.

A very learned discussion with reference to the construction of wills will be found in the late case of Middleton v. Dudding (Mo. Sup.) 183 S. W. 443-458.

In our original opinion herein we said:

"This decision is based upon the fact, as shown by the statement of facts, that appellee has no children, and it is not contemplated that she will ever have."

The statement of facts shows that appellee is married and has no children, and there was no intimation in the briefs of either party that the possibility of issue was not extinct. However, the statement of facts does not show that she will never have children, and therefore this finding of fact is withdrawn.

For the reasons stated, the motions for rehearing upon the part of both appellant and appellee are overruled.

Motion overruled.