## McClintic, Administrator, v. McClintic, Appellant.

*Wills—Construction—Definite failure of issue—Life estate—Re-mainders—"Lawful heirs"—Ejectment—Act of April 27, 1855, P. L. 368.*

1. A limitation over by will to persons in being, after the death of the first taker without issue, raises a strong presumption that the testator did not contemplate an indefinite failure of issue.

2. Testator, by will, provided, "I give to my son......the farm on.which I now live......and if he should not have any lawful heirs, then after his death, the farm to be sold and divided equally between" six of testator's grandchildren. The son had two children both of whom predeceased him. He devised the farm to his widow in fee, and after his death testator's administrator d. b. n. c. t. a. brought an action of ejectment therefor. *Held,* (1) the first taker took only a life estate, and (2) the gift over to the grandchildren was good, and a verdict was properly directed for the plaintiff.

3. In such case there was no merit in the contention that the first taker took an estate tail, enlarged by Act of April 27, 1855, P. L. 368, into a fee simple.

Argued May 15, 1917. Appeal, No. 45, Jan. T., 1917, by Ada McClintic, defendant, from judgment of C. P. Mifflin Co., August T., 1916, No. 61, on directed verdict for plaintiff in case of Miles R. McClintic, Administrator de bonis non cum testamento annexo, of Felix McClintic, Deceased, v. Ada McClintic and Harry Wagner. Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and WALLING, JJ. Affirmed.

Ejectment for the recovery of land in Mifflin County. Before BAILEY, P. J.

The opinion of the Supreme Court states the case.

On the trial the court directed a verdict for the plaintiff. Defendant appealed.

*Error assigned* was in refusing defendant's motion for judgment n. o. v.

*L. J. Durbin,* with him *A. Reed Hayes,* for appellant. —The first taker took an estate tail, enlarged to a fee simple by the provisions of the Act of April 27, 1855, P. L. 368; Eichelberger v. Barnitz, 9 Watts 447; Vaughn v. Dickes, 20 Pa. 509; Hill v. Hill, 74 Pa. 173.

An indefinite failure of issue is to be presumed unless there is something in the will to indicate that the testator meant a definite failure: Carroll v. Burns, 108 Pa. 386; Nes v. Ramsay, 155 Pa. 628; Lewis v. Link Belt Co., 222 Pa. 139; Hackney v. Tracy, 137 Pa. 53.

In case of a doubtful construction the law leans in favor of an absolute rather than a defeasible estate: Smith's App., 23 Pa. 9; Jackson's Est., 179 Pa. 77; Carter's Est., 254 Pa. 539.

*Rufus C. Elder,* for appellee.—By "lawful heirs" testator meant issue: Amelong v. Dorneyer, 16 S. & R. 323; Braden v. Cannon, 24 Pa. 168; Wall v. Maguire, 24 Pa. 248; Covert v. Robinson, 46 Pa. 274; Moody v. Snell, 81 Pa. 359; Cochran v. Cochran, 127 Pa. 38; Seybert v. Hibbert, 5 Pa. Superior Ct. 537.

The estate devised to the first taker was not a fee tail, enlarged by the act of assembly to a fee: Eichelberger v. Barnitz, 9 Watts 447; Jessup v. Smuch, 16 Pa. 327; Middleswarth's Administrator v. Blackmore et al., 74 Pa. 414.

OPINION BY MR. JUSTICE POTTER, June 30, 1917:

In this action of ejectment, the common source of title was Felix McClintic. He died on October 6, 1883, and in his last will provided as follows: "Seventh: I give my son, Andrew F., the farm on which I now live at eight thousand ($8,000) dollars, and if he should not have any lawful heirs, then after his death, the farm to be sold and divided equally between my son William three oldest children and my son Hugh three oldest children; and if any one of them should die before the property is divided, the balance to have it and out of this

property, the wife of my son, Andrew F., shall have one hundred ($100) dollars each year from the death of her husband, Andrew F. McClintic, provided she shall remain his widow."

Upon the death of his father, Andrew F. McClintic took possession of the farm, and occupied it in person or by tenants until his death on September 26, 1915. He had two sons, both of whom died in the lifetime of their father so that Andrew F. McClintic died without living issue. His wife, Ada F. McClintic, survived him, and under his will claims title to the farm.

Upon the trial, the court below directed a verdict for the plaintiff, holding that under the clause of the will in question Andrew F. McClintic took an estate in fee determinable at his death without issue surviving him.

Obviously the words "lawful heirs" as used by the testator could only mean issue, since the devise over was to persons who would be included in the general term heirs. We also agree that the conclusion that the mere birth of issue was sufficient to vest the estate absolutely in Andrew was properly rejected. As the trial judge well says, "If the testator had in mind nothing further than the birth of issue, considering the nature of the language as used throughout the will, he would have adopted language in substance as follows: if my son Andrew F. have lawful heirs then after the death of my said son the farm is to go to them. The thought would have been positive instead of negative as in McCullough v. Johnetta Coal Co., 210 Pa. 222."

The condition attached to the devise is "if he should not have any lawful heirs then after his death the farm to be sold and divided equally between" six of the testator's grandchildren, who were then living. It is familiar law that a limitation over by will to persons in being, after the death of the first taker without issue, raises a strong presumption that the testator did not contemplate an indefinite failure of issue: Bedford's App., **40** Pa. 23. In the present case we think it is clear that the

testator intended a definite failure of issue at the time of the death of Andrew F. McClintic, and that the devise over to his grandchildren was good. Contemplating also that the wife of Andrew F. would outlive her husband, the testator provided that from the proceeds of the sale of the farm, the wife, Ada, should have one hundred dollars a year during her widowhood. The farm was not to be sold in any event until after the death of the first taker. The gift of an annuity to the wife of Andrew shows that the testator contemplated that the contingency of Andrew's death without lineal heirs would happen in her lifetime, as well as within the lifetime of his grandsons. We can see no sound basis for the contention that, under the clause in question, Andrew F. McClintic took an estate tail, enlarged by the act of assembly into a fee simple. He took nothing more than a life estate in the premises in question, and had no interest therein which could be devised to the defendant.

The judgment is affirmed.